# Illinois Official Reports

## Appellate Court

---

### *Doe Three v. Department of Public Health*, 2017 IL App (1st) 162548

---

| | |
|---|---|
| Appellate Court Caption | JOHN DOE THREE, Plaintiff-Appellee, v. THE DEPARTMENT OF PUBLIC HEALTH and NIRAV D. SHAH, M.D., J.D., Director of Public Health, Defendants-Appellants. |
| District & No. | First District, First Division<br>Docket No. 1-16-2548 |
| Rule 23 order filed<br>Motion to publish<br>allowed<br>Opinion filed | March 13, 2017<br><br>May 3, 2017<br>May 22, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 15-CH-16766; the Hon. Neil H. Cohen, Judge, presiding. |
| Judgment | Affirmed in part and reversed in part; cause remanded. |
| Counsel on Appeal | Lisa Madigan, Attorney General, of Chicago (David L. Franklin, Solicitor General, and Nadine J. Wichern, Assistant Attorney General, of counsel), for appellants.<br><br>Michael K. Goldberg, Robert A. Bauerschmidt, and Jean Milaeger, of Goldberg Law Group, of Chicago, for appellee. |

Panel                    PRESIDING JUSTICE CONNORS delivered the judgment of the court, with opinion.
Justices Harris and Mikva concurred in the judgment and opinion.

## OPINION

¶ 1        Plaintiff John Doe Three petitioned the Department of Public Health (Department) to add "chronic post-operative pain" (CPOP) as a "debilitating medical condition" under the Compassionate Use of Medical Cannabis Pilot Program Act (Act) (410 ILCS 130/1 *et seq.* (West 2014)). The Director of the Department, Nirav D. Shah, M.D., J.D., denied the petition, and plaintiff sought judicial review under the Administrative Review Law (Review Law) (735 ILCS 5/3-101 *et seq.* (West 2014)). The circuit court reversed and remanded the case to the Department for further proceedings. The Department then asked the circuit court to reconsider its decision based on the fact that the Illinois General Assembly had recently amended the Act to reflect new procedures when attempting to add conditions to the list of debilitating medical conditions. The Department filed a motion to reconsider, asking the circuit court to reconsider its order in light of the new provisions. The circuit court amended its previous order to outright reverse the Department's findings, without remand, and directed the Director to add CPOP to the list of "debilitating medical conditions" under the Act within 30 days of its order. The Department and its Director now appeal.[1]

¶ 2                                      BACKGROUND

¶ 3        The Act, which became law in Illinois effective January 1, 2014, recognizes that using medical cannabis may help treat or alleviate symptoms associated with "debilitating medical conditions." 410 ILCS 130/5(b) (West 2014). The Act distinguishes between "medical and non-medical uses of cannabis" and removes state criminal penalties for the medical use of cannabis if certain conditions are satisfied. 410 ILCS 130/5(g) (West 2014). At the time plaintiff petitioned the Department, the Act provided that any citizen could petition the Department to add debilitating conditions or treatments to the list of debilitating medical conditions listed in subsection (h) of section 10 of the Act. 410 ILCS 130/45 (West 2014).

¶ 4        The Department promulgated a rule governing such petitions, which provided that an advisory board would then "review petitions and recommend to the Department additional debilitating conditions or diseases that would benefit from the medical use of cannabis." 77 Ill. Adm. Code 946.30(b) (2014).[2]

¶ 5        On March 2, 2015, plaintiff submitted a petition to the Department seeking to add CPOP as a debilitating medical condition under the Act. The petition described his suffering from CPOP

---

[1]This court stayed enforcement of the circuit court's amended order pending this appeal.

[2]The administrative rules found in title 77, part 946, section 30, of the Illinois Administrative Code were adopted on July 29, 2014. 38 Ill. Reg. 17367, 17382-87 (eff. July 29, 2014). At the time Plaintiff submitted his petition to the Department, an emergency rule was in place that amended title 77, part 946, section 30(a), of the Illinois Administrative Code but did not make any changes to the remaining subsections in part 946, section 30, specifically cited in this opinion. 39 Ill. Reg. 444, 456-62 (emergency rule eff. Dec. 22, 2014).

as a result of excessive nerve damage from foot surgery. Plaintiff claimed he was unable to perform routine daily tasks without suffering debilitating pain in his foot. Plaintiff also claimed his condition interfered with his ability to perform in his career, which involved hours of standing and moving. According to plaintiff's petition, his physicians had attempted to treat his chronic pain with opiates, anticonvulsant drugs, and antidepressants. Plaintiff's petition was supported by a statement from his treating physician, William B. Evans, M.D., that supported plaintiff's use of medical cannabis to alleviate the symptoms of CPOP. Plaintiff also submitted several medical and scientific journal articles supporting the prescription of cannabis for CPOP.

¶ 6 A public hearing was held on the petition, as well as other petitions, seeking to add other medical conditions to the Act. At the hearing, the advisory board members considered plaintiff's petition and supporting materials, and then voted. Of the 10 members, 7 voted to approve the petition, while 3 voted not to.

¶ 7 On October 20, 2015, despite the recommendation of the advisory board, the Director denied plaintiff's petition, finding that "there was not substantial evidence from adequate, well-controlled clinical trials to support the use of cannabis in the setting of chronic post-operative pain. Therefore, the safety and efficacy for this medical condition cannot be assured." Prior to issuing his decision, the Director added articles to the record which were not presented by any of the parties prior to the hearing.

¶ 8 Plaintiff then filed a complaint for administrative review, seeking reversal of the Director's denial of his petition. The circuit court found that the Director "clearly violated" the Department's rules governing the consideration of petitions to add debilitating conditions to the Act by considering materials outside the petition. The circuit court noted that under the applicable administrative rules, the Director was to review the advisory board's recommendations and render a final decision. 77 Ill Adm. Code 946.30(m) (2014). But instead of reviewing the advisory board's recommendations, the Director conducted his own investigation and added his own evidence to the record. The circuit court stated that plaintiff was not given any opportunity to challenge the additional evidence considered by the Director, which was a denial of procedural due process.

¶ 9 The circuit court also noted that the standard set forth in the Department's rules for adding a medical condition was whether the debilitating condition or disease at issue would benefit from the medical use of cannabis. However, in rendering his decision, the Director considered whether there was substantial evidence from adequate, well-controlled clinical trials to support the use of cannabis for the treatment of CPOP, which "appears nowhere in the Act or the Department's rules."

¶ 10 The circuit court reversed the Director's decision but remanded "for the issuance of a new decision by the Director. The Advisory Board was not unanimous in its recommendation regarding CPOP. The Director should have the opportunity to consider the addition of CPOP under the correct standard."

¶ 11 The Department and the Director then filed a motion to reconsider in light of the Department's emergency rules that were filed with the Illinois Secretary of State on August 1, 2016 (40 Ill. Reg. 10992 (emergency rule eff. Aug. 1, 2016)).[3] On June 30, 2016, section 45 of

_____

[3]An emergency amendment to title 77, part 946, of the Illinois Administrative Code was filed on August 1, 2016, and was to remain effective for 150 days. 40 Ill. Reg. 10992 (emergency rule eff. Aug.

the Act was amended by Public Act 99-519. See Pub. Act 99-519 (eff. June 30, 2016). The amendment disbanded the advisory board but allowed the Governor to appoint a new advisory board. Pub. Act 99-519 (eff. June 30, 2016) (adding 410 ILCS 130/45(i)). The Act now provides:

> "The Department shall accept petitions once annually for a one-month period determined by the Department. During the open period, the Department shall accept petitions from any resident requesting the addition of a new debilitating medical condition or disease to the list of approved debilitating medical conditions for which the use of cannabis has been shown to have a therapeutic or palliative effect. The Department shall provide public notice 30 days before the open period for accepting petitions, which shall describe the time period for submission, the required format of the submission, and the submission address." *Id.* (adding 410 ILCS 130/45 (b)).

¶ 12    The circuit court found that those rules did not apply retroactively to the Director's decision on plaintiff's petition to add CPOP as a debilitating medical condition under the Act, "as the Director's [d]ecision under review in this case pre-dates the filing of the Department's emergency rules." The circuit court also found that the standard set forth in the Department's emergency rules (40 Ill. Reg. 10992, 11012 (emergency rule eff. Aug. 1, 2016) (amending 77 Adm. Code 946.30(e))) shall not apply retroactively to the Director's decision and that the amendments to section 45 of the Act, adopted on June 30, 2016, through Public Act 99-519, did not apply retroactively to the Director's decision because the amendments made a substantive change in the law, not a procedural change.

¶ 13    The circuit court then amended its order reversing the Director's decision denying plaintiff's petition and ordered the Director to add CPOP "by rule in accordance with the Administrative Procedure Act."

¶ 14                              ANALYSIS

¶ 15    The Department and the Director now appeal, arguing that (1) the circuit court lacked subject-matter jurisdiction over plaintiff's action because section 45 of the Act does not expressly adopt the Review Law as the method for reviewing a Director's final decision, (2) even if judicial review may proceed, the Director's decision was quasi-legislative and should be upheld because it was not arbitrary or capricious, and alternatively, (3) if this court affirms the circuit court's reversal of the Director's decision, it should remand the case to the Department and allow the amended regulations to apply since the amendments were procedural in nature and not substantive.

¶ 16                    Subject-Matter Jurisdiction

¶ 17    The first issue is whether the circuit court had subject-matter jurisdiction to review the decision of the Director. The Department and the Director contend that while plaintiff invoked the Review Law in his complaint and cited section 45 of the Act as the statutory provision that adopted the Review Law as a method for review, the plain language of section 45 does not

_____

1, 2016). The August 1, 2016, emergency amendment to title 77, part 946, of the Illinois Administrative Code was later amended on September 16, 2016. 40 Ill. Reg. 13732 (emergency rule eff. Sept. 16, 2016).

adopt the Review Law. Plaintiff maintains that judicial review under the Act is "expressly addressed" in both section 45 and section 155.

¶ 18    Section 155 of the Act is titled "Review of administrative decisions," and states that "[a]ll final administrative decisions of the Departments of Public Health, Department of Agriculture, and Department of Financial and Professional Regulation are subject to direct judicial review under the provisions of the [Review Law] and the rules adopted under that Law." 410 ILCS 130/155 (West 2014). There is no dispute that the decision of the Director was a final administrative decision of the Department of Public Health. Section 45 of the Act, titled "Addition of debilitating medical conditions," explains the procedure by which to petition the Department for an addition of a debilitating medical condition and then states that the "approval or denial of any petition is a final decision of the Department, subject to judicial review. Jurisdiction and venue are vested in the Circuit Court." 410 ILCS 130/45 (West 2014).

¶ 19    The Department and the Director contend, citing *Bank of America, N.A. v. Kulesza*, 2014 IL App (1st) 132075, ¶ 20, that section 155's invocation of the Review Law is meaningful because the express inclusion of a provision in one part of a statute and its omission in a parallel section is an intentional exclusion from the latter. Defendants contend that the Act creates various methods of review, like sections 65(f) and 185(b), that both use the same language as section 45 regarding judicial review (410 ILCS 130/65(f), 185(b) (West 2014)) (Decisions are "subject to judicial review. Jurisdiction and venue for judicial review are vested in the Circuit Court.")), and sections 110 and 155 that expressly state that final administrative decisions of certain departments are subject to judicial review under the Review Law and its rules (410 ILCS 130/110, 155 (West 2014)). See 410 ILCS 130/110 (West 2014) ("All final administrative decisions of the Department of Agriculture are subject to judicial review under the [Review Law] and its rules.").

¶ 20    An administrative agency's decision is subject to review under the Review Law only where "the Act creating or conferring power on such agency, by express reference, adopts the provisions of [the Review Law]." 735 ILCS 5/3-102 (West 2014). We find that the Act adopts the provisions of the Review Law by express reference when it states in section 155 that "*[a]ll* final administrative decisions *** are subject to direct judicial review under the provisions of the [Review Law] and the rules adopted under that Law." (Emphasis added.) 410 ILCS 130/155 (West 2014). A statute should be construed such that no portion of it is rendered meaningless. *In re Marriage of Kates*, 198 Ill. 2d 156, 167 (2001). Where two statutes relate to the same subject matter, they should be construed *in pari materia*, and an interpretation that gives meaning to both is favored. *Anderson v. Chicago Board of Election Commissioners*, 284 Ill. App. 3d 832, 835-36 (1996). Section 155 would be rendered meaningless if we were to conclude that it somehow did not apply to all final administrative decisions by the Department under the Act. See *County of Du Page v. Illinois Labor Relations Board*, 231 Ill. 2d 593, 604 (2008) ("Words and phrases should not be considered in isolation; rather they must be interpreted in light of other relevant provisions and the statute as a whole."). Considering the Act as a whole, defendants' interpretation of section 45 would render section 155 meaningless, thus we find that section 155 merely clarifies section 45 and that final decisions of the Department are subject to direct judicial review with jurisdiction and venue vesting in the circuit court under the Review Law. See *People v. Cherry Valley Public Library District*, 356 Ill. App. 3d 893, 897 (2005) (the district's interpretation of a certain section would make another entire section of the Act in question meaningless).

¶ 21    We find the cases defendants cite in support of their interpretation of the Act to be inapposite. In *Porter v. Illinois State Board of Education*, 2014 IL App (1st) 122891, ¶ 24, article 14 of the School Code (105 ILCS 5/art. 14 (West 2012)) did not specifically adopt the Review Law. Section 8.02a(i) of article 14 stated that any party dissatisfied with the agency's decision had a "right to commence a civil action with respect to the issues presented in the impartial due process hearing" in "any court of competent jurisdiction" within 120 days. 105 ILCS 5/14-8.02a(i) (West 2012). Accordingly, this court found that because the decision of an impartial hearing officer under article 14 was not expressly reviewable under the Review Law, a writ of *certiorari* was appropriate instead. *Porter*, 2014 IL App (1st) 122891, ¶ 24. In the case at bar, the Act *does* expressly adopt the Review Law as the means to appeal a final decision of the Department. 410 ILCS 130/155 (West 2014).

¶ 22    The other two cases cited by defendants are also inapposite for the same reason. See *Portman v. Department of Human Services*, 393 Ill. App. 3d 1084, 1086-87 (2009) (the Public Aid Code did not expressly make the Review Law applicable to agency decisions regarding child care assistance even though the Review Law was adopted to review other decisions of that agency in the same statute); *Chicago Title Land Trust Co. v. Board of Trustees*, 376 Ill. App. 3d 494, 499 (2007) (Review Law did not apply to decision of board of trustees where statute made Review Law applicable only to decision of board of appeals). We reiterate that section 155 of the Act expressly adopts the Review Law and specifically states that it applies to "all" final decisions of the Department.

¶ 23    Additionally, we reject defendants' argument in their reply brief, relying on Illinois Supreme Court Rule 335 (eff. Jan. 1, 2016), that if plaintiff was seeking judicial review under section 155 then he would have to file a petition directly in the appellate court. Rather, the Review Law, which is expressly adopted by the Act, provides that "[j]urisdiction to review final administrative decisions is vested in the Circuit Courts, except as to a final order of the Illinois Educational Labor Relations Board in which case jurisdiction to review a final order is vested in the Appellate Court." 735 ILCS 5/3-104 (West 2014). Rule 335 governs those administrative orders subject to direct review by the appellate court. There is nothing to indicate that the Department's final decision in this case is an order directly reviewable by the appellate court.

¶ 24                                    Director's Decision

¶ 25    Turning to the merits, we note that on appeal we review the administrative agency's decision and not the circuit court's determination. *Anderson v. Department of Professional Regulation*, 348 Ill. App. 3d 554, 560 (2004). "The applicable standard of review, which determines the degree of deference given to the agency's decision, depends upon whether the question presented is one of fact, one of law, or a mixed question of law and fact." *AFM Messenger Service, Inc. v. Department of Employment Security*, 198 Ill. 2d 380, 390 (2001). The factual findings of the administrative agency are considered to be *prima facie* correct and will be reversed only if against the manifest weight of the evidence. 735 ILCS 5/3-110 (West 2014). Questions of law are reviewed *de novo*. *MacDonald v. Board of Trustees of the Park Ridge Police Pension Fund*, 294 Ill. App. 3d 379, 382 (1998). And mixed questions of law and fact are reviewed under the clearly erroneous standard. *AFM Messenger Service*, 198 Ill. 2d at 391-95.

¶ 26    Here, the question is whether the Director properly denied plaintiff's petition to add CPOP to list of debilitating medical conditions listed in subsection (h) of section 10 of the Act. 410 ILCS 130/45 (West 2014). This is a mixed question of law and fact. Accordingly, we will review the Director's decision under the "clearly erroneous" standard, which "lies somewhere between a *de novo* and a manifest-weight-of-the-evidence standard, but provides some deference to the agency's experience and expertise." *Lombard Public Facilities Corp. v. Department of Revenue*, 378 Ill. App. 3d 921, 928 (2008).

¶ 27    At the time plaintiff submitted his petition, the Act stated that the Department "shall consider petitions in the manner required by Department rule." 410 ILCS 130/45 (West 2014). The Department's rules on this subject are found in part 946 of the Illinois Administrative Code, titled "Compassionate Use of Medical Cannabis Patient Registry." 77 Ill. Adm. Code 946 (2014). Section 946.30(b) stated that the advisory board "shall review petitions and recommend to the Department additional debilitating conditions or diseases that would benefit from the medical use of cannabis." 77 Ill. Adm. Code 946.30(b) (2014). A petition was to include (a) the extent to which the condition or disease itself and/or the treatments cause severe suffering, such as chronic pain, or otherwise severely impair a person's ability to carry on with activities of daily living, (b) information about why conventional medical therapies are not sufficient to alleviate the suffering caused by the disease or condition and its treatment, (c) the proposed benefits from the medical use of cannabis specific to the medical condition, (d) evidence from the medical community and other experts supporting the use of medical cannabis to alleviate suffering caused by the condition, (e) letters of support from physicians or other licensed health care providers knowledgeable about the condition or the disease, including, if feasible, a letter from a physician with whom the petitioner has a *bona fide* physician-patient relationship, and (f) any medical, testimonial, or scientific documentation. 77 Ill. Adm. Code 946.30(g) (2014). There is no dispute that plaintiff's petition included all of these elements, including a letter from his treating physician.

¶ 28    The Department rules further stated that upon final determination, the advisory board "shall provide the Director a written report of findings recommending either the approval or denial of the petitioner's request. The written report of findings shall include a medical justification for the recommendation based upon the individual or collective expertise of the Advisory Board membership. The medical justification shall delineate between the findings of fact made by the Advisory Board and scientific conclusions of evidence-based medical research." 77 Ill. Adm. Code 946.30(*l*) (2014). Upon review of the advisory board's recommendations, the Director "will render a final decision regarding the acceptance or denial of the proposed debilitating medical conditions or diseases." 77 Ill. Adm. Code 946.30(m) (2014).

¶ 29    In the case at bar, the Director determined that "there is not substantial evidence from adequate, well-controlled clinical trials to support the use of cannabis ***. Therefore, the safety and efficacy of cannabis for this medical condition cannot be assured." The record reveals that the Director reviewed plaintiff's petition, the evidence submitted in support, the hearing transcript, and the advisory board's recommendation. Additionally, the record includes various other medical articles that the Director reviewed.

¶ 30    We find that the Director did not follow Department rules when rendering his decision in this case, in violation of the Act's mandate that the Department "shall consider petitions in the manner required by Department rule." 410 ILCS 130/45 (West 2014). There is nothing in the

rules that mandates "substantial evidence from adequate, well-controlled clinical trials to support the use of cannabis." Rather, at the time of plaintiff's petition, the rules indicated that petitions should be supported by information about chronic pain, why conventional medical therapies were insufficient, the proposed benefits from the medical use of cannabis, evidence from the medical community, and letters of support, all of which were included in plaintiff's petition. The advisory board was then mandated to recommend to the Department additional debilitating conditions or diseases that would *benefit* from the medical use of cannabis. While there is nothing in the rules to indicate that the Director must follow the recommendations of the advisory board, there is also nothing in the rules indicating that the Director should be using a heightened standard of which plaintiff was unaware or the Director's own research that was not presented at the hearing. When the agency with primary jurisdiction applies the wrong standard to the evidence before it, any resulting finding is invalid, and the case should be remanded. See *Violette v. Department of Healthcare & Family Services*, 388 Ill. App. 3d 1108, 1113 (2009).

¶ 31                                    Effect of New Amendments

¶ 32      Our determination that the Director's findings were invalid leads us to the next question, which is whether upon remand the Department is to follow the old guidelines for adding a debilitating medical condition or the new ones. This requires a determination of whether the amendments to the Act, which were added after the Director made his initial decision, apply retroactively. The question of whether an amendment applies retroactively depends upon whether the amendment makes a substantive change or a procedural change to the law.

¶ 33      Illinois courts have developed a three-tiered test to determine retroactivity. First, has the legislature clearly indicated the temporal or retroactive reach of the amended statute? *Commonwealth Edison Co. v. Will County Collector*, 196 Ill. 2d 27, 38-39 (2001). If not, is the amendment procedural or substantive in nature? *People v. Glisson*, 202 Ill. 2d 499, 508 (2002). Only those amendments that are procedural in nature may be applied retroactively. *Id.* And finally, if the statute is procedural, does it have a "retroactive impact?" *Commonwealth Edison*, 196 Ill. 2d at 38-39. Absent retroactive impact, the amended statute will apply. *Id.* Whether an amendment to a statute will be applied prospectively or retroactively is a matter of statutory construction that we review *de novo*. *People v. Blanks*, 361 Ill. App. 3d 400, 407 (2005).

¶ 34      Here, the amendments are silent about their retroactive application. Thus, we must determine whether the changes are procedural or substantive in nature. As our supreme court has observed, "the line between 'substance' and 'procedure' may often be unclear." *Rivard v. Chicago Fire Fighters Union, Local No. 2*, 122 Ill. 2d 303, 310 (1988). "Procedure is the machinery for carrying on the suit, including pleading, process, evidence and practice, whether in the trial court, or in the processes by which causes are carried to the appellate courts for review, or in laying the foundation for such review." *Ogdon v. Gianakos*, 415 Ill. 591, 596 (1953). "Generally, a procedural change in the law prescribes a method of enforcing rights or involves pleadings, evidence and practice." *Schweickert v. AG Services of America, Inc.*, 355 Ill. App. 3d 439, 442 (2005). On the other hand, a substantive change in the law establishes, creates, or defines rights. *Id.* at 443.

¶ 35      In the case at bar, we agree with the circuit court that the amendments were substantive in nature, not procedural, and are therefore not retroactive. The circuit court found, focusing on 40 Ill. Reg. 10992, 11012 (emergency rule eff. Aug. 1, 2016) (amending 77 Ill. Adm. Code

946.30(e)) and Public Act 99-519 (eff. June 30, 2016) (amending 410 ILCS 130/45), that the amendments made a substantive change in the law and therefore did not apply retroactively. After the August 1, 2016, emergency amendment, section 946.30(e) states that upon review of accepted petitions, "the Director will consult with Department staff to analyze the clinical and scientific merit of the petitions. This consultation will occur before the Director renders a final decision regarding the acceptance or denial of the proposed debilitating medical conditions or diseases." (Emphasis omitted.) 40 Ill. Reg. 10992, 11012 (emergency rule eff. Aug. 1, 2016) (amending 77 Ill. Adm. Code 946.30(e)). Section 45 of the Act now states that the Department will only accept petitions once annually for a one-month period. Pub. Act 99-519 (eff. June 30, 2016) (adding 410 ILCS 130/45(b)). The requirements regarding the information that must be submitted with the petitions are substantially the same. *Id.* (adding 410 ILCS 130/45(d)). There is no longer a review from the advisory board or a recommendation to the Director. Rather, "[u]pon review of accepted petitions, the Director shall render a final decision regarding the acceptance or denial of the proposed debilitating medical conditions or diseases." *Id.* (adding 410 ILCS 130/45(f)). The advisory board now only convenes to examine debilitating conditions or diseases that would benefit from the medical use of cannabis, review medical and scientific evidence pertaining to currently approved conditions, and issue an annual report of its activities each year. *Id.* (adding 410 ILCS 130/45(j)-(k)).

¶ 36    Before the amendments, as long as the petition met all the requirements, the petition received a hearing by the advisory board. The advisory board then reviewed petitions and recommended to the Department "additional debilitating conditions or diseases that would benefit from the medical use of cannabis." 77 Ill. Adm. Code 946.30(b) (2014). Now, after the amendments, the Department accepts petitions once annually and there is no hearing requirement. There is no standard delineated upon which the Director should ultimately approve or deny a proposed debilitating medical condition. These changes are substantive in nature as they most certainly create different rights of the petitioner than existed before.

¶ 37    Moreover, we note that there is a long-standing rule that prospective application of statutes is to be preferred to retroactive application because of the fundamental principle of jurisprudence that the retroactive application of new laws is usually unfair and the general consensus that notice or warning of the rule should be given in advance of the action whose effects are to be judged. *Moshe v. Anchor Organization for Health Maintenance*, 199 Ill. App. 3d 585, 598 (1990). "As a general rule, an amendatory statute will be construed prospectively rather than retroactively; the presumption of prospectivity is rebuttable, but only by the act itself which, either by express language or necessary implication, must clearly indicate that the legislature intended a retroactive application." *Harraz v. Snyder*, 283 Ill. App. 3d 254, 259 (1996) (citing *Rivard*, 122 Ill. 2d at 309). Here, there is absolutely no language suggesting retroactivity, and in fact, after the Act and the Administrative Code were amended, the Department stated that it was adopting additional emergency amendments to the previous Administrative Code emergency rulemaking (40 Ill. Reg. 10992 (emergency rule eff. Aug. 1, 2016)) to clarify the fee structure and the process used for the review of petitions "in January 2016." 40 Ill. Reg. 13732 (emergency rule eff. Sept. 16, 2016). Plaintiff filed his petition in March 2015.

¶ 38          CONCLUSION

¶ 39        Accordingly, for the reasons set forth above, we affirm in part the judgment of the circuit court of Cook County insomuch as it reversed the Director's decision denying plaintiff's petition, but we reverse the portion of the circuit court's order directing the Director to "add CPOP by rule *** within thirty (30) days of entry." We remand to the Director for consideration in accordance with the preamendment Act (410 ILCS 130/45 (West 2014)) and accompanying Department rule (39 Ill. Reg. 444 (emergency rule eff. Dec. 22, 2014) (amending 77 Ill. Adm. Code 946)).

¶ 40        Affirmed in part and reversed in part; cause remanded.