2021 IL App (1st) 190744-U

THIRD DIVISION
March 31, 2021

1-19-0744

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| IBRAHIM MUSTAFAA, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 L 050040 |
| | ) | |
| ILLINOIS DEPARTMENT OF HEALTHCARE AND | ) | Honorable |
| FAMILY SERVICES, and FELICIA F. NORWOOD, | ) | Franklin U. Valderrama, |
| in her official capacity as Director of the Illinois | ) | Judge Presiding. |
| Department of Healthcare and Family Services, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

PRESIDING JUSTICE HOWSE delivered the judgment of the court.
Justices McBride and Ellis concurred in the judgment.

ORDER

¶ 1    *Held*: We affirm the judgment of the circuit court of Cook County, which affirmed the Department's decision to deny plaintiff's petition to vacate a 30-year-old administrative support order. Plaintiff failed to timely challenge the administrative support order within the time permitted by law and showed no due diligence in filing his petition to vacate more than 30 years after he knew of the order.

¶ 2    Plaintiff Ibrahim Mustafaa filed a *pro se* complaint seeking administrative review of a decision by the Illinois Department of Healthcare and Family Services, denying his 2017 petition to vacate a default administrative support order (ASO) issued in 1986. The ASO directed him to reimburse the Department for public aid provided to his minor children. Plaintiff did not

challenge the 1986 default ASO until the Department placed a lien on his bank account in 2016.
The Department found plaintiff did not timely contest the ASO and denied relief. The circuit
court affirmed the Department's decision and denied plaintiff's motion to reconsider. Plaintiff
filed a *pro se* notice of appeal.

¶ 3                                    BACKGROUND

¶ 4          The pertinent findings of fact in the administrative decision on appeal show that plaintiff
married in 1976 and five children were born to the marriage. From January 1984 to September
1986, the children had received "assistance grant payments." On October 9, 1986, the
Department, through the Division of Child Support Services, issued a default ASO directing
plaintiff to pay $50 per month towards reimbursement of $14,592.00 in assistance grant
payments "to the dependent(s) from January 1984 to September 19, 1986."

¶ 5          In a letter dated June 10, 1987, DCSS advised plaintiff of the default ASO and that he
owed "$50.00 per month towards a retroactive judgment of $14,592.00." In August 1989, DCSS
issued a "Notice of Support Obligation" to plaintiff informing him an interview had been
scheduled "to obtain relevant facts." Plaintiff appeared at the interview the following September.

¶ 6          In April 1992, the plaintiff's marriage ended when the circuit court of Cook County
entered a judgment of dissolution of marriage. The judgment ordered plaintiff to pay child
support.

¶ 7          In July 2016, DCSS issued plaintiff and his bank a Notice of Lien stating he owed
$31,174.52 in unpaid child support, possibly including interest. Plaintiff appealed to the
Department and a hearing was commenced in January 2017.

¶ 8          The administrative law judge summarized plaintiff's testimony at the hearing: In 1986,
plaintiff lived with and supported his family. The family applied for assistance, but plaintiff was

never informed that he would have to pay it back. Rather, plaintiff believed the assistance to be a grant that did not have to be repaid.

¶ 9 A child support specialist testified for the Department that the "$14,592.00 retroactive judgment in the Default ASO is due because the children received public aid during a time period before the Default ASO was issued." According to the child support specialist, the children's mother had assigned her right to child support to the Department and the amount at issue represents public aid received from January 1984 to September 1986. The fact the parents lived together during that period did not excuse plaintiff's obligation to reimburse the Department. Plaintiff also missed the time limit to appeal the retroactive judgment.

¶ 10                                                 ANALYSIS

¶ 11 The Department contends the administrative judgment should be affirmed because plaintiff failed to timely challenge the ASO or to demonstrate he was entitled to file a late challenge to the ASO. The Department maintains that pursuant to section 104.101 of Title 89 of the Illinois Administrative Code, plaintiff had 30 days from the date the order was mailed to file a petition for release from or modification to the ASO. As stated above, plaintiff was sent a letter dated June 10, 1987, informing him of the ASO.

¶ 12 Section 104.101 reads, in pertinent part, as follows:

"a) Any client or responsible relative aggrieved by an administrative support order entered, or any responsible relative aggrieved by a determination or redetermination of past-due support, or any responsible relative or joint holder aggrieved by a determination of the share of jointly-owned funds made by the Department may petition for a hearing for release from or modification of the order or to contest the determination or redetermination.

b) A petition for release from or modification of an administrative support order under subsection (a) of this Section shall be filed within 30 days after the date of mailing of the order. The day immediately subsequent to the mailing of the order shall be considered as the first day, and the day the petition is received by the Department shall be considered as the last day in computing the 30 day appeal period." 89 Ill. Adm. Code 104.101.

¶ 13    The Department argues that plaintiff lost his chance to petition for release from or modification of the ASO when he failed to file that petition within 30 days after mailing of the order. Yet the Department also acknowledges that pursuant to section 160.60 of the Administrative Code, a petition may be filed more than 30 days after it was mailed if certain conditions are met. Section 160.60 states, in pertinent part, as follows:

"g) Petitions for Release from Administrative Support Orders --

Extraordinary Remedies

1) Notwithstanding the statements required by subsections (d)(2)(G) and (d)(2)(H), more than 30 days after the entry of an administrative support order under subsection (e), a party aggrieved by entry of an administrative support order may petition the Department for release from the order on the same grounds as are provided for relief from judgments under Section 2-1401 of the Code of Civil Procedure.

2) Petitions must:

A) cite a meritorious defense to entry of the order;

B) cite the exercise of due diligence in presenting that defense to the Department;

C) be filed no later than two years following the entry of the administrative support order, except that the following times shall be excluded when computing the two years:

i) time during which the person seeking relief is under legal disability;

ii) time during which the person seeking relief is under duress;

iii) time during which the ground for relief is concealed from the person seeking relief;

D) be supported by affidavit or other appropriate evidence as to matters not supported by the record." 89 Ill. Adm. Code 160.60.

¶ 14    The Department argues plaintiff failed to satisfy any of the grounds for relief under section 160.60(g) because:

(A) he failed to establish a meritorious defense;

(B) plaintiff did not exercise diligence in presenting his defense;

(C) he did not provide evidence to establish, or even allege, that he was under a legal disability, duress, or that his grounds for relief were concealed from him; and

(D) plaintiff "presented no affidavit or other evidence to support his contentions."

¶ 15    When this court reviews a final decision by an administrative agency (*Doe Three v. Department of Public Health*, 2017 IL App (1st) 162548, ¶ 25), the applicable standard of review is determined by the questions raised on appeal (*Hanks v. Illinois Department of Healthcare and Family Services*, 2015 IL App (1st) 132847, ¶ 19). When the decision involves a mixed question of law and fact, we use the "clearly erroneous" standard of review. *Id.* A decision involving a

mixed question of law and fact is one that results from "the examination of the legal effect of a given set of facts." *Id.* (citing *City of Belvidere*, 181 Ill. 2d at 205). Under the clearly erroneous standard, we will reverse an agency's decision only if, after reviewing the record, we are "left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks and citations omitted.) *Id.* We do not find this to be the case after reviewing the record.

¶ 16 The Department issued the default ASO on October 9, 1986 and mailed a notice dated June 10, 1987, but plaintiff did not challenge the order until 30 years later when DCSS placed a lien on his bank account. Section 160.60(g) of the Administrative Code allows an obligor to file a petition for release or modification more than 30 days, but no later than 2 years after entry. 89 Ill. Adm. Code 160.60(g). In 1989, plaintiff went to the offices of the Department to discuss the default ASO. However, plaintiff showed no due diligence because he did not file his petition to vacate until 30 years after entry of the order and he made no allegations of legal disability, duress, or that grounds for relief were concealed from him. See 89 Ill. Adm. Code 160.60(g). He also failed to cite a meritorious defense to the entry of the default ASO. See *id.* Under these circumstances, we are not left with a firm conviction that a mistake has been committed and affirm the Department's decision.

¶ 17 CONCLUSION

¶ 18 For the reasons stated, we affirm the judgment of the circuit court of Cook County affirming the Department's decision.

¶ 19 Affirmed.