2021 IL App (1st) 200313-U

FIFTH DIVISION
December 30, 2021

No. 1-20-0313

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Respondent-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 96 CR 31020 |
| | ) | |
| LISA POUNDERS, | ) | Honorable |
| | ) | Kenneth J. Wadas, |
| Petitioner-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justices Cunningham and Connors concurred in the judgment.

**ORDER**

¶ 1     ***Held***:   We reverse and remand for second stage postconviction proceedings because the circuit court did not enter an order ruling on defendant's petition within 90 days.

¶ 2     Defendant Lisa Pounders appeals from the circuit court's dismissal of her *pro se* petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018), arguing that the court erred by not entering an order ruling on the petition within 90 days. Defendant claims this was error because the petition raised a post-partum claim, and thus she did

not require leave of court to file it, despite having filed a previous postconviction petition. See 725 ILCS 5/122-1(a)(3) (West 2018); 725 ILCS 5/122-2.1 (West 2018). She also contends that the court incorrectly found her petition meritless. We reverse and remand for second stage proceedings.

¶ 3                                    BACKGROUND

¶ 4     This court described this case's facts in detail on direct appeal, and accordingly, we provide herein only those facts necessary to resolve defendant's current claims. See *People v. Pounders*, 329 Ill. App. 3d 1233 (2002).

¶ 5     Defendant was charged by indictment with two counts of first degree murder (720 ILCS 5/9-1(a)(1), (a)(2) (West 1996)) following an incident on November 8, 1996.

¶ 6     The matter proceeded to a jury trial, where the evidence showed that on November 8, 1996, defendant struck the 75-year-old victim Brenton Smith multiple times in the head with a pipe. Smith identified defendant to police officers before he died of his injuries. Defendant also confessed to the attack. She had given birth eight months before the incident.

¶ 7     The jury found defendant guilty of first degree murder. The circuit court denied her motion for a new trial, and sentenced her to an extended sentence of 90 years' imprisonment for first degree murder (720 ILCS 5/9-1(a)(1) (West 1996)) based on the aggravating factors of Smith's age and that her conduct was "exceptionally brutal or heinous behavior, indicative of wanton cruelty." See 730 ILCS 5/5-5-3.2(b)(2), (b)(4)(ii) (West 1996). During the sentencing hearing, neither party introduced evidence nor made any argument regarding post-partum depression or post-partum psychosis. The court denied her motion to reduce sentence.

¶ 8    On direct appeal, defendant claimed prosecutorial misconduct, the imposition of an unconstitutional sentence, and that the circuit court made evidentiary errors and permitted improper impeachment by the prosecutor. This court affirmed. *Pounders*, 329 Ill. App. 3d 1233.

¶ 9    On February 20, 2003, defendant filed a *pro se* postconviction petition, again arguing her sentence was unconstitutional. The circuit court docketed the petition for second stage proceedings, and later granted the State's motion to dismiss the petition. On appeal, this court affirmed after permitting defense counsel to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987). *People v. Pounders*, No. 1-07-1850 (2009) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 10    On December 5, 2018, defendant filed what she titled a "motion for leave to file successive post-conviction petition pursuant to 725 ILCS 5/122-1(F)," which the clerk file-stamped on that date. In the petition, she claimed her trial counsel was ineffective for not arguing post-partum depression or post-partum psychosis as a mitigating factor at sentencing. In so arguing, she referenced the June 1, 2018 revision to the Act. The revision added a new method for criminal defendants to seek a sentence reduction by showing, in summary, that their criminal conduct directly resulted from post-partum depression or post-partum psychosis, but evidence demonstrating this was not introduced at sentencing. 725 ILCS 5/122-1(a)(3) (West 2018). In her "successive petition," defendant alleged in relevant part that she experienced depression and anger after she gave birth in February 1996.

¶ 11    On December 31, 2018, defendant filed two motions for an "addendum" to her petition, both of which were file-stamped for that date. One motion indicated she had a pending request for her medical records. In the other, defendant states in relevant part that she felt she was

"losing [her] mind" in the months following her son's birth. Additionally, during her pregnancy, "Dr. Chen" of Holy Cross Hospital suggested she might have the "baby blues."

¶ 12    On December 20, 2019, the circuit court denied the "successive" petition. In its order, the court characterized the petition as a motion for leave to file a successive postconviction petition, and found defendant could not demonstrate cause and prejudice for her ineffective assistance claim. The court also found that defendant could not pursue a post-partum claim because her "most recent pregnancy was more than 3 years before the offense in this case."

¶ 13                                    ANALYSIS

¶ 14    On this appeal, defendant first argues that the circuit court violated the Act by not entering an order ruling on her petition within 90 days of its filing and docketing, which the Act required because the petition contained a post-partum claim. 725 ILCS 5/122-1(a)(3) (West 2018). The State responds that the court was not required to enter an order within 90 days because the court correctly characterized defendant's petition as a motion for leave to file a successive postconviction petition.

¶ 15    The Act provides a mechanism for a criminal defendant to challenge her conviction, typically through a claim that the conviction violated her rights under the federal or state constitutions, or both. See *People v. English*, 2013 IL 112890, ¶ 21. From June 1, 2018, through August 15, 2019, however, the Act also provided a separate method through which a defendant could request a sentence reduction by, in summary, presenting mitigating evidence that she suffered from post-partum depression or post-partum psychosis that directly led to her criminal conduct. 725 ILCS 5/122-1(a)(3) (West 2018). The Act further required, in part, that the defendant had not presented post-partum evidence at sentencing. *Id.*

¶ 16    Generally, a defendant may only file one postconviction petition as of right, and must then receive leave of court to file any successive postconviction petitions. 725 ILCS 5/122-1(f) (West 2018). A successive postconviction petition will not be considered "filed" for purposes of the Act until the circuit court grants leave to file. *People v. Lapointe*, 227 Ill. 2d 39, 44 (2007). Post-partum claims, however, were specifically exempted from the leave requirement. See 725 ILCS 5/122-1(f) (West 2018).

¶ 17    The Act requires the circuit court to enter an order ruling on a petition within "90 days after the filing and docketing" of the petition. 725 ILCS 5/122-2.1(a) (West 2018). If the court fails to act within the 90-day period, it must advance the petition to the second stage. *People v. Rouse*, 2020 IL App (1st) 170491, ¶ 44. Whether a circuit court timely acted on a postconviction petition is an issue of statutory construction that we review *de novo*. See *Id.* at 43.

¶ 18    The record shows that defendant filed her petition on December 5, 2018, and then filed addendums on December 31, 2018. The clerk's office docketed the documents on those respective dates. The circuit court did not rule on the petition until December 20, 2019, well beyond 90 days of the filing and docketing of the petition and its addendums. The petition, entitled a "motion for leave to file successive post-conviction petition pursuant to 725 ILCS 5/122-1(F)," claimed that defendant's trial counsel provided ineffective assistance by not introducing mitigating evidence at sentencing of her post-partum depression or post-partum psychosis. The petition specifically referenced the new post-partum claim contained in the June 1, 2018 update to the Act. In its order denying defendant's petition, the court acknowledged that defendant alleged a post-partum claim, but contended she was ineligible to raise the claim because her most recent pregnancy predated her criminal conduct by more than three years. This

is directly rebutted by the trial record, which shows defendant gave birth eight months before the incident.

¶ 19    On this record, we find that the circuit court erred by not entering an order ruling on defendant's petition within 90 days of its filing and docketing. The post-partum claim under the Act was specifically exempted from the requirement to seek leave for successive postconviction petitions. See 725 ILCS 5/122-1(f) (West 2018). Accordingly, the Act required the court here to enter an order on defendant's petition within 90 days, despite the filing of a previous postconviction petition. The court apparently treated the current petition as a traditional motion for leave to file a successive petition, which is not subject to the 90-day requirement. It is well-established, however, that "the character of [a] pleading is determined from its content, not its label." *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 102 (2002) (citing *Barnes v. Southern Ry. Co.*, 116 Ill. 2d 236 (1987)). This is particularly true in cases involving a *pro se* litigant, when the circuit court must review filings "with a lenient eye, allowing borderline cases to proceed." *People v. Hodges*, 234 Ill. 2d 1, 21 (2009) (quoting *Williams v. Kullman*, 722 F. 2d 1048, 1050 (2nd Cir. 1983)). Here, even a superficial examination of defendant's petition reveals that she attempted to invoke the post-partum claim added in the revised June 1, 2018 version of the Act. The circuit court recognized as much in its denial order. It follows that the court should have characterized her petition as a post-partum claim and entered an order ruling on it within 90 days, as the Act required. 725 ILCS 5/122-1(a)(3) (West 2018).

¶ 20    The State argues that defendant is estopped from claiming her petition was not a motion for leave to file a successive petition because of how she titled the petition. This argument is best analyzed under the "invited error" doctrine, which holds that "an accused may not ask the trial

court to proceed in a certain manner and then contend in a court of review that the order which he obtained was in error." *People v. Lowe*, 153 Ill. 2d 195, 199 (1992). This doctrine is inapplicable here, however, because there is no indication defendant sought to mislead the circuit court. Indeed, as is clear from the court's denial order, the mislabeling significantly damaged defendant's case.

¶ 21    The State also contends that the statutory section exempting post-partum claims from the successive petition filing rules should be interpreted to do the opposite. That interpretation would bely the plain meaning of the statute. When interpreting a statute, a court's "primary objective is to ascertain and give effect to legislative intent, the surest and most reliable indicator of which is the statutory language itself, given its plain and ordinary meaning." *People v. Clark*, 2018 IL 122495, ¶ 8. When the language is "clear and unambiguous, we must apply it as written." *Id.*

¶ 22    The law in force at the time in question which requiring criminal defendants to receive leave of court before filing a successive postconviction petition began with the phrase, "Except for petitions brought under paragraph (3) of subsection (a) of this Section." 725 ILCS 5/122-1(a)(3) (West 2018). This language is unambiguous and subject to a single interpretation—that a petition pursuing a post-partum claim is not subject to the leave requirement, even where the defendant has previously filed one or more postconviction petitions.

¶ 23    The State further argues that we should not permit defendant's claim to proceed because the legislature has since removed post-partum claims from the Act. See 725 ILCS 5/122-1(a)(3) (West Supp. 2019). This argument is counter to the Illinois Statute on Statutes, however, which states in relevant part that, "No new law shall be construed to repeal a former law *** or any right accrued, or claim arising under the former law." 5 ILCS 70/4 (West 2018). Defendant

brought her claim while post-partum claims were available under the Act. Because her claim timely vested, it is irrelevant that the legislature later removed this remedy from the Act. See *People v. Gancarz*, 228 Ill. 2d 312, 319 (2008) (explaining that the Statute on Statutes "forbids the retroactive application of substantive changes to statutes"); *Doe Three v. Department of Public Health*, 2017 IL App (1st) 162548, ¶ 34 ("a substantive change in the law establishes, creates, or defines rights").

¶ 24 Finally, the State argues that defendant's requested remedy of remand for second stage proceedings is "pointless" because second stage proceedings are intended only for the review of constitutional claims under the Act. But this would lead to the absurd result that no post-partum claim could ever progress beyond the first stage of postconviction proceedings, and we must interpret statutes not to lead to absurd results. See *People v. Webb*, 2019 IL 122951, ¶ 17 ("[W]hen construing our statutes, we presume the legislature did not intend to create absurd, inconvenient, or unjust results."). We see no reason why the circuit court cannot analyze this claim using the familiar second stage procedures applicable to constitutional claims under the Act.

¶ 25                                    CONCLUSION

¶ 26 The Act required the circuit court to enter an order ruling on defendant's petition within 90 days, and it failed to do so. Accordingly, we remand the matter for second stage proceedings, and do not reach the merits of defendant's claim. See *People v. Dixon*, 2019 IL App (1st) 160443, ¶ 57 (citing *People v. Perez*, 2014 IL 115927, ¶ 29).

¶ 27 Reversed and remanded with instructions.