# Illinois Official Reports

## Supreme Court

---

### *People v. Clark*, 2018 IL 122495

---

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. DENNIS CLARK, Appellant. |
| Docket No. | 122495 |
| Filed | December 28, 2018 |
| Decision Under Review | Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County, the Hon. Rickey Jones, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James E. Chadd, State Appellate Defender, Patricia Mysza, Deputy Defender, and Sharifa Rahmany, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Chicago, for appellant. |
| | Lisa Madigan, Attorney General, of Springfield (David L. Franklin, Solicitor General, and Michael M. Glick and Joshua M. Schneider, Assistant Attorneys General, of Chicago, of counsel), for the People. |

Justices          JUSTICE GARMAN delivered the judgment of the court, with opinion.

Chief Justice Karmeier and Justices Thomas, Kilbride, and Theis concurred in the judgment and opinion.

Justice Neville concurred in part and dissented in part, with opinion, joined by Justice Burke.

## OPINION

¶ 1      A jury found defendant Dennis Clark guilty of the Class 2 felony delivery of a controlled substance (cocaine). 720 ILCS 570/401(d)(i) (West 2012). Because of his prior criminal convictions, defendant was sentenced to a Class X term of 15 years' imprisonment. The Cook County circuit court also imposed several monetary charges, including a $2 Public Defender Records Automation Fund charge (55 ILCS 5/3-4012 (West 2014)), a $2 State's Attorney Records Automation Fund charge (*id.* § 4-2002.1(c)), a $15 Court Document Storage Fund charge (705 ILCS 105/27.3c (West 2014)), a $190 "Felony Complaint Filed, (Clerk)" charge (*id.* § 27.2a(w)(1)(A)), a $25 "Court Services (Sheriff)" charge (55 ILCS 5/5-1103 (West 2014)), and a $15 court automation charge (705 ILCS 105/27.3a (West 2014)). On appeal, defendant challenged his conviction, the charges listed above, and other charges imposed by the trial court. The appellate court, relying on *People v. Warren*, 2016 IL App (4th) 120721-B, ¶¶ 114-16, *People v. Bowen*, 2015 IL App (1st) 132046, ¶¶ 63-65, and *People v. Tolliver*, 363 Ill. App. 3d 94, 97 (2006), held that the six charges initially appealed to this court were fees, affirming the trial court. 2017 IL App (1st) 150740-U. We granted defendant's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Mar. 15, 2016). We affirm.

¶ 2                          BACKGROUND

¶ 3      The sole issue before this court is whether certain monetary charges imposed by the circuit court are fees or fines. Because the defendant does not challenge his conviction or sentence, we only briefly note the facts of his underlying conviction.

¶ 4      Defendant sold less than one gram of cocaine to an undercover officer. He was arrested, charged, and convicted by a jury of delivery of a controlled substance, cocaine, in violation of section 401(d)(i) of the Illinois Controlled Substances Act. 720 ILCS 570/401(d)(i) (West 2012). He did not post bail during the pendency of his trial and spent 482 days in presentence custody. He was sentenced to 15 years in prison. The court also imposed an assortment of fines, fees, and costs. Under the heading "Fees and costs *not* offset by the $5 per-day presentence incarceration credit," the court ordered that defendant pay a $2 Public Defender Records Automation Fund charge, a $2 State's Attorney Records Automation Fund charge, a $15 Court Document Storage Fund charge, a $190 "Felony Complaint Filed, (Clerk)" charge, a $25 "Court Services (Sheriff)" charge, and a $15 court automation charge.

¶ 5      On appeal, defendant challenged his conviction and argued that these and other charges imposed were fines, not fees. The State conceded, and the appellate court agreed, that several of the charges were fines, but the court held that the charges at issue in this appeal were fees.

2017 IL App (1st) 150740-U, ¶ 23. After we granted defendant's petition for leave to appeal, he withdrew his challenge to the $25 "Court Services (Sheriff)" charge. In its response brief, the State conceded that the $2 Public Defender Records Automation Fund charge is a fine.

¶ 6                                ANALYSIS

¶ 7        At sentencing, the circuit court ordered defendant to pay a total of $1549 in fines, fees, and costs. Those charges included, in the section of fees and costs that states that they are not offset by defendant's presentence credit, a $2 Public Defender Records Automation Fund charge "to discharge the expenses of the Cook County Public Defender's office for establishing and maintaining automated record keeping systems" (55 ILCS 5/3-4012 (West 2014)); a $2 State's Attorney Records Automation Fund charge "to discharge the expenses of the State's Attorney's office for establishing and maintaining automated record keeping systems" (*id.* § 4-2002.1(c)); a $15 court automation charge to defray "[t]he expense of establishing and maintaining automated record keeping systems in the offices of the clerks of the circuit court" (705 ILCS 105/27.3a (West 2014)); a $190 "Felony Complaint Filed, (Clerk)" charge (*id.* § 27.2a(w)(1)(A)); a $25 "Court Services (Sheriff)" charge to defray "court security expenses incurred by the sheriff" (55 ILCS 5/5-1103 (West 2014)); and a $15 Court Document Storage Fund charge to defray "[t]he expense of establishing and maintaining a document storage system in the offices of the circuit court clerks" (705 ILCS 105/27.3c (West 2014)). The appellate court upheld these charges as fees not subject to defendant's presentence credit. 2017 IL App (1st) 150740-U, ¶ 23. Defendant withdrew his challenge to the $25 "Court Services (Sheriff)" fee but contends that the remaining charges are fines because they do not reimburse the State for costs actually incurred in prosecution of the defendant and because they are merely general revenue generators for the county or the court. He claims that the appellate court relied solely on prior decisions finding the charges to be fees rather than analyzing the statutes themselves.

¶ 8        Whether a charge assessed in a criminal case is a fine or a fee involves statutory construction, which we review *de novo*. *People v. Jones*, 223 Ill. 2d 569, 580 (2006). The principles guiding our analysis are well established. Our primary objective is to ascertain and give effect to legislative intent, the surest and most reliable indicator of which is the statutory language itself, given its plain and ordinary meaning. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 479 (1994). In determining the plain meaning of statutory terms, we consider the statute in its entirety, keeping in mind the subject it addresses and the apparent intent of the legislature in enacting it. *People v. Davis*, 199 Ill. 2d 130, 135 (2002). Where the language of the statute is clear and unambiguous, we must apply it as written, without resort to extrinsic aids of statutory construction. *People v. Collins*, 214 Ill. 2d 206, 214 (2005). We do not depart from the plain language of the statute by reading into it exceptions, limitations, or conditions that conflict with the expressed intent. *People v. Martinez*, 184 Ill. 2d 547, 550 (1998).

¶ 9                     The Presentence Incarceration Credit

¶ 10       "Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant." 725 ILCS 5/110-14(a) (West 2014). The credit may not, however, exceed the amount of the fine. *Id.* This credit applies only to fines and not

- 3 -

to fees. *Jones*, 223 Ill. 2d at 599. Defendant spent 482 days in custody and is entitled to a credit of up to $2410 toward his eligible fines. Because his credit exceeds the total amount of fines, fees, and costs assessed, all eligible fines assessed will be fully credited.

¶ 11 Fines and fees are distinguished based on their purpose. *People v. Graves*, 235 Ill. 2d 244, 250 (2009); *Jones*, 223 Ill. 2d at 581-82. A fine is punitive in nature and is imposed as part of a sentence for a criminal offense, while a fee is assessed to recover an expense incurred by the State in prosecuting the defendant. *Graves*, 235 Ill. 2d at 250. The legislature's labeling of a charge as a fine or a fee is strong evidence of its intent but is not dispositive. *Jones*, 223 Ill. 2d at 599-600. Imposition of a charge at conviction is an attribute of a fine. *Graves*, 235 Ill. 2d at 252; *Jones*, 223 Ill. 2d at 600. Mandatory assessment is also an attribute of a fine. *People v. Price*, 375 Ill. App. 3d 684, 701 (2007). "[T]he most important factor is whether the charge seeks to compensate the state for any costs incurred as the result of prosecuting the defendant." *Graves*, 235 Ill. 2d at 250. "A charge is a fee if and only if it is intended to reimburse the state for some cost incurred in defendant's prosecution." *Jones*, 223 Ill. 2d at 600.

¶ 12 The General Assembly has addressed the application of the presentence incarceration credit to the charges at issue in this appeal. We briefly review those legislative changes before addressing each charge.

¶ 13 The Criminal and Traffic Assessment Act

¶ 14 On August 20, 2018, the Criminal and Traffic Assessment Act was enacted into law. Pub. Act 100-987 (eff. July 1, 2019). It repeals the charge-imposing statutes at issue in this case. *Id.* §§ 905-43, 905-57. It specifically incorporates the $2 Public Defender Records Automation Fund charge, the $2 State's Attorney Records Automation Fund charge, the $15 court automation charge, and the $15 Court Document Storage Fund charge as assessments subject to any presentence credit remaining after it has been applied to fines. *Id.* § 5-20(a). Except for certain inapplicable portions, the act takes effect July 1, 2019. The act is not retroactive.

¶ 15 The Criminal and Traffic Assessment Act began with the legislature's creation of the Statutory Court Fee Task Force in the Access to Justice Act. 705 ILCS 95/25 (West 2014). This task force was composed of members representing all three branches of Illinois government. *Id.* The task force was instructed to study the various fees imposed on criminal defendants and civil litigants and to submit a report of findings and recommendations to this court and the General Assembly. *Id.* In response to that report, the General Assembly enacted the Criminal and Traffic Assessment Act, which consolidated the assessment of criminal and traffic fines and fees in this state and explicitly stated how the presentence incarceration credit applies. Pub. Act 100-987 (eff. July 1, 2019).

¶ 16 With the Criminal and Traffic Assessment Act and its changes in mind, we examine the charges at issue in this appeal.

¶ 17 The $2 Public Defender Records Automation Fund Charge

¶ 18 First, we examine the $2 Public Defender Records Automation Fund charge. Section 3-4012 of the Counties Code provides:

"The Cook County Public Defender shall be entitled to a $2 fee to be paid by the defendant on a judgment of guilty or a grant of supervision for a violation of any provision of the Illinois Vehicle Code or any felony, misdemeanor, or petty offense to

- 4 -

discharge the expenses of the Cook County Public Defender's office for establishing and maintaining automated record keeping systems. The fee shall be remitted monthly to the county treasurer, to be deposited by him or her into a special fund designated as the Public Defender Records Automation Fund. Expenditures from this fund may be made by the Public Defender for hardware, software, research, and development costs and personnel related thereto." 55 ILCS 5/3-4012 (West 2014).

¶ 19    Defendant states that this charge is mandatory and assessed only upon conviction, both attributes of a fine. The charge is imposed on all defendants, whether or not they are represented by the public defender, which defendant argues is indicative of the legislature's punitive intent. He acknowledges that some courts have vacated the charge when the defendant was represented by private counsel, but he points out that the statute does not expressly provide for this exception. Defendant cites but one case in support of his position: *People v. Camacho*, 2016 IL App (1st) 140604, ¶¶ 47-57. The State concedes that this charge is a fine because it is mandated even in cases in which the public defender's office is not used. Nonetheless, we examine the charge.

¶ 20    The General Assembly has labeled this charge a fee. 55 ILCS 5/3-4012 (West 2014). This is evidence of its intent. *Jones*, 223 Ill. 2d at 599-600. The charge is, however, mandatory and assessed upon conviction, which are attributes of a fine. See *Graves*, 235 Ill. 2d at 252; *Jones*, 223 Ill. 2d at 600; *Price*, 375 Ill. App. 3d at 701. Section 3-4012 does not provide for an exception for defendants who retain private counsel. The defendant in this case did not retain private counsel and was represented by the public defender. He utilized the public defender's office, so this charge was compensatory for a cost of his prosecution. Defendant admits that other courts have waived this fee when other defendants have retained private counsel. Even when a defendant does not use the public defender's office, however, the charge is still compensatory.

¶ 21    The public defender's office is a vital and necessary part of the criminal justice system. The majority of criminal defendants are represented by public defenders. The State could not effectively prosecute criminal defendants without the existence of an indigent defense system. See *Gideon v. Wainwright* 372 U.S. 335, 345 (1963) (requiring courts to appoint counsel for indigent criminal defendants); 725 ILCS 5/113-3(b) (West 2014). The State cannot know which or how many criminal defendants will require a public defender, and the public defender's office therefore must exist and be ready to represent all criminal defendants. See 725 ILCS 5/113-3(b) (West 2014). This cost is a cost common to all prosecutions, regardless of whether or not a particular defendant has or finds the resources to hire private counsel.

¶ 22    That the fee is specifically to automate the public defender's office's records does not change our opinion. The office itself must exist and is a cost common to all prosecutions. All offices must keep records and, in today's electronic age, must keep them in an automated manner. Because the public defender's office is necessary to every prosecution and automating records is a cost necessary to that office, automating records is a cost "incurred as the result of prosecuting the defendant." *Graves*, 235 Ill. 2d at 250. We find that, under the plain language of this statute, the Public Defender Records Automation Fund fee is a compensatory fee and not a fine subject to the presentence incarceration credit. We hereby overrule *Camacho*, 2016 IL App (1st) 140604, to the extent that it holds that the Public Defender Records Automation

Fund charge is a fine.

¶ 23                     The $2 State's Attorney Records Automation Fund Charge

¶ 24        Next, we examine the $2 State's Attorney Records Automation Fund charge. Section 4-2002.1(c) of the Counties Code provides:

> "State's attorneys shall be entitled to a $2 fee to be paid by the defendant on a judgment of guilty or a grant of supervision for a violation of any provision of the Illinois Vehicle Code or any felony, misdemeanor, or petty offense to discharge the expenses of the State's Attorney's office for establishing and maintaining automated record keeping systems. The fee shall be remitted monthly to the county treasurer, to be deposited by him or her into a special fund designated as the State's Attorney Records Automation Fund. Expenditures from this fund may be made by the State's Attorney for hardware, software, research, and development costs and personnel related thereto." 55 ILCS 5/4-2002.1(c) (West 2014).

¶ 25        Defendant points out that this charge, though labeled a fee, is assessed only upon conviction, is mandatory, and is used to fund general state's attorney office costs. Thus, he argues, it is not related to his prosecution. While the state's attorney is involved in all prosecutions, he argues, it is also involved in other matters such as taxation and collection of child support, and the charges from criminal cases go toward automation of those records as well. No language limits the use of the proceeds of this charge to the automation of records related to the prosecution. Defendant again cites *Camacho*, 2016 IL App (1st) 140604, ¶¶ 47-57. The State responds that the charge is compensatory because its purpose is to recoup a cost incurred in every criminal prosecution, as every prosecution necessarily involves the state's attorney.

¶ 26        For the same reasons listed above regarding the Public Defender Records Automation Fund charge, we agree with the State. The General Assembly labeled the charge a fee (55 ILCS 5/4-2002.1(c) (West 2014)), which is evidence of the legislature's intent (*Jones*, 223 Ill. 2d at 599-600). The facts that it is mandatory and imposed upon conviction, while attributes of a fine (see *Graves*, 235 Ill. 2d at 252; *Jones*, 223 Ill. 2d at 600; *Price*, 375 Ill. App. 3d at 701), are alone not enough to make this charge a fine.

¶ 27        Every prosecution necessarily involves the state's attorney and necessarily generates records, which must be automated. That the General Assembly would allow the State to use the funds "for hardware, software, research, and development" does not mean that the cost does not relate to the defendant's prosecution. To the contrary, automating the state's attorney's record keeping system is a cost related to prosecuting defendants, and this charge is a compensatory fee. As a fee, it is not subject to defendant's presentence credit. We also overrule *Camacho*, 2016 IL App (1st) 140604, to the extent that it holds that the State's Attorney Records Automation Fund charge is a fine.


¶ 28                     The $190 "Felony Complaint Filed, (Clerk)" Charge

¶ 29        We next consider the $190 "Felony Complaint Filed, (Clerk)" charge. Section 27.2a of the Clerks of Courts Act provides:

> "The fees of the clerks of the circuit court in all counties having a population of 3,000,000 or more inhabitants in the instances described in this Section shall be as

provided in this Section. In those instances where a minimum and maximum fee is stated, the clerk of the circuit court must charge the minimum fee listed and may charge up to the maximum fee if the county board has by resolution increased the fee. The fees shall be paid in advance and shall be as follows

\* \* \*

(w) Criminal and Quasi-Criminal Costs and Fees.

(1) The clerk shall be entitled to costs in all criminal and quasi-criminal cases from each person convicted or sentenced to supervision therein as follows:

(A) Felony complaints, a minimum of $125 and a maximum of $190." 705 ILCS 105/27.2a(w)(1)(A) (West 2014).

¶ 30    Defendant argues that the authorizing statute is ambiguous, as it refers to the charge as both a fee and a cost. He argues that the charge is mandatory and imposed upon conviction, attributes of a fine. He adds that there is a built-in penalty provision for unpaid charges, also indicative of a fine. *Id.* § 27.2a(gg). Citing statements by various senators, defendant argues that the legislative history and debates reveal that the charge was not intended to recoup any specific expenditure but was enacted to finance the court system as a whole and to lower sales and real estate taxes in affected counties. Even if the $125 charge was initially enacted as compensatory in 1991, he continues, nothing in the 2001 legislative history indicates that the amendment allowing an additional amount up to $190 was supported by an increase in filing costs.

¶ 31    The State counters that this fee is one of many that are associated with a variety of filings and that the legislative history indicates that the various charges are based on the approximate cost of each. The mandatory nature, the State continues, is consistent with its compensatory purpose, and the legislature's decision to spare defendants who are not convicted is not dispositive proof of punitive intent. The delinquency charge is not punitive but is instead to defray additional administrative costs incurred in collecting the unpaid fees and costs.

¶ 32    We agree with the State. The General Assembly labeled the charge a fee. *Id.* § 27.2a. That label is evidence of its intent. *Jones*, 223 Ill. 2d at 599-600. The charge is mandatory and imposed upon conviction, attributes of a fine. See *Graves*, 235 Ill. 2d at 252; *Jones*, 223 Ill. 2d at 600; *Price*, 375 Ill. App. 3d at 701. Those attributes alone, however, do not make this charge a fine.

¶ 33    The plain language of the statute indicates that the fee is imposed to reimburse the court for the costs of filing a felony case. The use of both of the words "fee" and "cost" indicates that the fee is based on the approximate cost. The court need not hold a separate account for each felony case filed or for each category of cases to make the charge compensatory. Nor does the delinquency amount added to past-due balances change our analysis. This additional charge is explicitly added to unpaid balances to "defray additional administrative costs incurred by the clerk of the circuit court in collecting unpaid fees and costs." 705 ILCS 105/27.2a(gg) (West 2014). Because we find the language of the statute plain, we do not examine the legislative history or debates.

¶ 34    Accordingly, we find that the $190 "Felony Complaint Filed, (Clerk)" charge is a fee not subject to the presentence incarceration credit.

¶ 35                                   The $15 Court Automation Charge

¶ 36        We next consider the $15 court automation charge. Section 27.3a of the Clerks of Courts
Act provides:

> "1. The expense of establishing and maintaining automated record keeping systems
> in the offices of the clerks of the circuit court shall be borne by the county. To defray
> such expense in any county having established such an automated system or which
> elects to establish such a system, the county board may require the clerk of the circuit
> court in their county to charge and collect a court automation fee of not less than $1
> nor more than $25 to be charged and collected by the clerk of the court. Such fee shall
> be paid at the time of filing the first pleading, paper or other appearance filed by each
> party in all civil cases or by the defendant in any felony, traffic, misdemeanor,
> municipal ordinance, or conservation case upon a judgment of guilty or grant of
> supervision, provided that the record keeping system which processes the case category
> for which the fee is charged is automated or has been approved for automation by the
> county board, and provided further that no additional fee shall be required if more than
> one party is presented in a single pleading, paper or other appearance. Such fee shall
> be collected in the manner in which all other fees or costs are collected.
>
>                                        * * *
>
> 3. With respect to the fee imposed under subsection 1 of this Section, such fees
> shall be in addition to all other fees and charges of such clerks, and assessable as costs,
> and may be waived only if the judge specifically provides for the waiver of the court
> automation fee. The fees shall be remitted monthly by such clerk to the county
> treasurer, to be retained by him in a special fund designated as the court automation
> fund. The fund shall be audited by the county auditor, and the board shall make
> expenditure from the fund in payment of any cost related to the automation of court
> records, including hardware, software, research and development costs and personnel
> related thereto, provided that the expenditure is approved by the clerk of the court and
> by the chief judge of the circuit court or his designate." *Id.* § 27.3a(1), (3).

¶ 37        As above, defendant argues that the automation fee statute is ambiguous because it refers
to the charge as a fee but later as a cost. He argues that it is mandatory, is assessed and collected
upon a judgment of guilty, and is assessed whether or not the record keeping system of the
defendant's case category has been automated. The money collected can be used for any cost
related to record automation, not just those related to the defendant's prosecution. The
legislative history, he argues, again shows that it was imposed not as a compensatory cost but
to fund the court system generally. Defendant maintains that the statute must be interpreted as
written and enacted and that its intent at the time it was enacted was to fund the creation of
new automated record keeping systems.

¶ 38        The State points out that the charge is imposed to defray the expense of establishing and
maintaining automated record keeping—it has an expressed compensatory purpose. Further,
the State continues, every county in Illinois has upgraded to and uses automated record
systems. The State concludes that the mandatory nature is consistent with its compensatory
purpose and that the legislature's decision to spare defendants who are not convicted is not
dispositive proof of punitive intent.

¶ 39 We agree with the State. The General Assembly labeled the charge a fee. *Id.* § 27.3a. That label is evidence of its intent. *Jones*, 223 Ill. 2d at 599-600. The charge is imposed upon conviction, an attribute of a fine. See *Graves*, 235 Ill. 2d at 252; *Jones*, 223 Ill. 2d at 600. Defendant argues, and the State concedes, that the charge is mandatory, but we note that the statute provides that the judge may specifically provide for waiver of the fee. 705 ILCS 105/27.3a(3) (West 2014). Even if the Cook County Code of Ordinances makes the charge mandatory, as defendant argues, those attributes alone do not make this charge a fine. See Cook County Code of Ordinances § 18-33 (amended Sept. 20, 2005).

¶ 40 As above, the General Assembly's use of both of the words "fee" and "cost" does not make the statute ambiguous. The plain language of the statute shows that it was a fee imposed to defray "[t]he expense of establishing and maintaining automated record keeping systems in the offices of the clerks of the circuit court." *Id.* § 27.3a(1). This fee compensates for a cost that is necessary, the automation of records, including a system with which to do so. Further, the fee is also to maintain the record keeping system. As with the Public Defender Records Automation Fund fee and the State's Attorney Records Automation Fund fee, all cases generate documents that must be automated and kept in the system. This fee compensates the clerk for that cost, which is related to defendant's prosecution. Because we find the language of the statute plain, we do not examine the legislative history.

¶ 41 We find that the $15 court automation charge is a fee not subject to the presentence incarceration credit.

The $15 Court Document Storage Fund Charge

¶ 43 Next, we consider the $15 Court Document Storage Fund charge. Section 27.3c of the Clerks of Courts Act provides:

> "(a) The expense of establishing and maintaining a document storage system in the offices of the circuit court clerks in the several counties of this State shall be borne by the county. To defray the expense in any county that elects to establish a document storage system and convert the records of the circuit court clerk to electronic or micrographic storage, the county board may require the clerk of the circuit court in its county to collect a court document fee of not less than $1 nor more than $25, to be charged and collected by the clerk of the court. The fee shall be paid at the time of filing the first pleading, paper, or other appearance filed by each party in all civil cases or by the defendant in any felony, misdemeanor, traffic, ordinance, or conservation matter on a judgment of guilty or grant of supervision, provided that the document storage system is in place or has been authorized by the county board and further that no additional fee shall be required if more than one party is presented in a single pleading, paper, or other appearance. The fee shall be collected in the manner in which all other fees or costs are collected.
>
> ***
>
> (c) Court document fees shall be in addition to other fees and charges of the clerk, shall be assessable as costs, and may be waived only if the judge specifically provides for the waiver of the court document storage fee. The fees shall be remitted monthly by the clerk to the county treasurer, to be retained by the treasurer in a special fund designated as the Court Document Storage Fund. The fund shall be audited by the

county auditor, and the board shall make expenditures from the fund in payment of any costs relative to the storage of court records, including hardware, software, research and development costs, and related personnel, provided that the expenditure is approved by the clerk of the circuit court." *Id.* § 27.3c(a), (c).

¶ 44    Defendant argues that this statute is also ambiguous in that it refers to the charge as a fee and as a cost. It is collected upon a finding of guilt and, he argues, finances the court as a whole. The charge is assessed in counties in which the document storage system is in place as well as those in which it is not, which defendant argues demonstrates that it lacks a compensatory purpose. In Cook County, the charge is mandatory, which defendant argues shows that it is a fine. See Cook County Code of Ordinances § 18-34 (amended Sept. 20, 2005).

¶ 45    Defendant continues that the legislative history establishes that the charge was intended to benefit the court system as a whole. The criminal document storage charges are not held or applied separately from the civil document storage charges; thus, he argues, the criminal charges are not used exclusively to reimburse the State for "some cost incurred in defendant's prosecution." *Jones*, 223 Ill. 2d at 600.

¶ 46    The State responds that the section's plain language demonstrates the legislative intent to compensate for the current county document storage program and the cost of the planned conversion to a new document storage system. The fact that it is mandatory and contingent upon conviction does not overcome its compensatory purpose; rather, the State argues, it is mandatory because prosecutions necessarily generate paperwork that must be stored at public expense, and the General Assembly's decision to spare defendants who are not convicted is not dispositive proof of punitive intent. Moreover, the State continues, the storage costs are not limited to storage contemporaneous with the prosecution—charges continue after the prosecution has finished, whether or not the county upgrades its system. Lastly, the State concludes, mingling the funds produced by this fee with storage fees from civil litigants does not defeat its compensatory purpose.

¶ 47    We agree with the State. The General Assembly labeled the charge a fee. 705 ILCS 105/27.3c (West 2014). That label is evidence of its intent. *Jones*, 223 Ill. 2d at 599-600. The charge is imposed upon conviction, an attribute of a fine. See *Graves*, 235 Ill. 2d at 252; *Jones*, 223 Ill. 2d at 600. Defendant argues that the charge is mandatory, but we note that the statute provides that the judge may specifically provide for waiver of the fee. 705 ILCS 105/27.3c(c) (West 2014). Even if the Cook County Code of Ordinances makes the charge mandatory, as defendant argues, those attributes alone do not make this charge a fine.

¶ 48    As above, referring to the charge as both a fee and a cost does not render the statute ambiguous. The plain language of the statute shows that it was a fee imposed to defray "[t]he expense of establishing and maintaining a document storage system in the offices of the circuit court clerks." *Id.* § 27.3c(a). As with the automation charges above, establishing and maintaining a document storage system is a cost related to the prosecution of criminal defendants. All cases generate documents that must be stored and maintained. This fee compensates the clerk for a cost related to defendant's prosecution. Because we find the language of the statute plain, we do not examine the legislative history.

¶ 49    We find that the $15 Court Document Storage Fund charge is a fee not subject to the presentence incarceration credit.

¶ 50                                    CONCLUSION

¶ 51      We find that the $2 Public Defender Records Automation Fund fee (55 ILCS 5/3-4012 (West 2014)), the $2 State's Attorney Records Automation Fund fee (*id.* § 4-2002.1(c)), the $15 Court Document Storage Fund fee (705 ILCS 105/27.3a (West 2014)), the $190 "Felony Complaint Filed, (Clerk)" fee (*id.* § 27.2a(w)(1)(A)), and the $15 court automation fee (*id.* § 27.3a) are all fees that compensate the State for a cost related to the defendant's prosecution. They are therefore not subject to defendant's presentence incarceration credit.

¶ 52      Affirmed.

¶ 53      JUSTICE NEVILLE, concurring in part and dissenting in part:

¶ 54      I concur with the majority that the clerk's charges for the filing of a felony complaint, document storage, and records automation are fees that are not eligible for offset by presentence custody credit under section 110-14(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-14(a) (West 2014)). But as a member of the appellate panel that decided *People v. Camacho*, 2016 IL App (1st) 140604, I disagree with the majority's conclusions that the records automation charges for the public defender's office (55 ILCS 5/3-4012 (West 2014)) and the state's attorney's office (*id.* § 4-2002.1(c)) are fees. In my view, both of those charges are fines and should be offset by defendant's presentence custody credit. Consequently, I concur in part and dissent in part.

¶ 55      The decision of whether a monetary assessment imposed on a defendant in a criminal case is a fine or fee depends upon the nature and purpose of the charge authorized by the legislature. *People v. Graves*, 235 Ill. 2d 244, 250 (2009); *People v. Jones*, 223 Ill. 2d 569, 580-81 (2006). That determination is a matter of statutory interpretation and is guided by traditional rules of construction. *Jones*, 223 Ill. 2d at 580-81. Courts look to the language of the statute to ascertain and give effect to the intent of the legislature. *Id.* at 581. In construing a criminal statute, the rule of lenity mandates that any ambiguity be resolved in a manner that favors the defendant. *Id.*; see also *People v. Williams*, 2016 IL 118375, ¶ 15. This rule, however, will not be extended in a manner that defeats the intent of the legislature. *Jones*, 223 Ill. 2d at 581.

¶ 56      Assessments that impose a pecuniary punishment for a criminal conviction are fines. *Graves*, 235 Ill. 2d at 250; *Jones*, 223 Ill. 2d at 581-82. Fees are compensatory in nature and seek to recoup expenses incurred by the State as a result of the defendant's prosecution. *Graves*, 235 Ill. 2d at 250; *Jones*, 223 Ill. 2d at 582. This court has long recognized that a charge labeled as a fee may be a fine, despite the characterization by the legislature. *Graves*, 235 Ill. 2d at 250 (citing *Jones*, 223 Ill. 2d at 599-600). Thus, although the label attached to a charge is "strong evidence" of the legislature's intent, that characterization "cannot overcome the actual attributes of the charge at issue." *Jones*, 223 Ill. 2d at 599-600 (citing cases). In ascertaining the nature of a criminal assessment, the most important question is whether the charge seeks to compensate the State for any expenses or costs resulting from the prosecution of the defendant. *Graves*, 235 Ill. 2d at 250; *Jones*, 223 Ill. 2d at 600. This distinction is the "*central* characteristic which separates a fee from a fine." (Emphasis in original.) *Jones*, 223 Ill. 2d at 600; see also *Graves*, 235 Ill. 2d at 250. "A charge is a fee if and only if it is intended to reimburse the state for some cost incurred in defendant's prosecution. [Citations.]" *Jones*, 223 Ill. 2d at 600; see also *Graves*, 235 Ill. 2d at 250. Other considerations include whether the

assessment is only imposed after conviction and to whom the payment is made. *Graves*, 235 Ill. 2d at 251; *Jones*, 223 Ill. 2d at 600.

¶ 57 This analytical framework for examining the nature of an assessment in a criminal case is firmly established, and the question presented here is one of application. In this case, the court is tasked with interpreting the relevant statutory provisions to determine whether the records automation charges for the public defender's office and the state's attorney's office are fines and qualify for offset by defendant's presentence custody credit under section 110-14(a) of the Code.

¶ 58 The statutory provisions authorizing the records automation charges for the public defender's office and the state's attorney's office at issue are substantially identical except for the office designation. Each provision requires that a mandatory charge of $2 be assessed against the defendant upon conviction to discharge expenses for establishing and maintaining automated record keeping systems. See 55 ILCS 5/3-4012, 4-2002.1(c) (West 2014).

¶ 59 Each provision further provides that the charge shall be deposited into a designated fund and that expenditures from that fund may be made for hardware, software, research, and development costs and related personnel. See *id.* §§ 3-4012, 4-2002.1(c).

¶ 60 According to the majority, these charges are fees and, therefore, are not eligible for offset. See *supra* ¶¶ 20-22, 26-27. The majority observes that defendant cites only *Camacho*, 2016 IL App (1st) 140604, in arguing that these records automation charges are fines. See *supra* ¶¶ 19, 25. The majority rejects defendant's arguments and overrules *Camacho*'s determination that both of these charges are fines. *Supra* ¶¶ 22, 27. I concurred in *Camacho* and continue to adhere to its reasoning today.

¶ 61 *Camacho* initially observed that fines and fees are differentiated based on their purpose. *Camacho*, 2016 IL App (1st) 140604, ¶ 48. Recognizing that other appellate decisions have held that these records automation charges are fees (*id.* ¶¶ 52-55), *Camacho* engaged in an independent analysis of the statutory provisions authorizing those charges (*id.* ¶¶ 49-51, 56). Relying on this court's long-standing precedent, the court noted that an assessment may be a fine despite the fact that the legislature has labeled it as a fee. *Id.* ¶ 48 (citing *Graves*, 235 Ill. 2d at 250). In addition, the court recognized that, although the legislature's language " 'is strong evidence' of its intent, 'it cannot overcome the actual attributes of the charge at issue.' " *Id.* (quoting *Jones*, 223 Ill. 2d at 599). *Camacho* further noted that both *Jones* and *Graves* held that, "for an assessment to be a fee, it must not merely compensate the state for any expense, but rather expenses incurred in the prosecution of the defendant." *Id.*

¶ 62 As explained in *Camacho*, the statutory language authorizing these record automation charges "does not demonstrate that the purpose of the assessments is to compensate the state for the costs associated in prosecuting a particular defendant." *Id.* ¶ 50. To the contrary, those statutes demonstrate that each of these charges has a "prospective purpose intended to fund the technological advancement of both the State's Attorney's office and public defender's offices, namely the establishment and maintenance of automated record keeping systems." *Id.* Given that funds collected as a result of these assessments may be used for research and development costs, *Camacho* concluded that the costs associated with developing and researching automated record keeping systems do not qualify as costs associated with prosecuting a particular defendant. *Id.*

¶ 63     Moreover, with regard to the records automation charge for the public defender's office, *Camacho* observed that assessment is applicable to " 'a judgment of guilty *** [for] *any* felony, misdemeanor, or petty offense.' " (Emphasis in original.) *Id.* ¶ 51 (quoting 55 ILCS 5/3-4012 (West 2012)). Based on this language, the assessment may be applied against a guilty defendant even when the public defender does not provide any representation. If the charge can be imposed against a defendant when the public defender had absolutely no involvement in the case, the assessment's purpose is not to compensate the State for the costs associated with prosecuting a particular defendant. *Id.*

¶ 64     *Camacho* determined that, because the state's attorney and public defender records automation charges do not compensate the State for the costs associated in prosecuting a particular defendant, those assessments cannot be considered fees. *Id.* ¶ 56 (citing *Jones*, 223 Ill. 2d at 600). Accordingly, *Camacho* held that those records automation charges are fines. *Id.*

¶ 65     The majority disagrees with *Camacho*'s reasoning and overrules its holding with regard to these two assessments. Focusing primarily on the label attached to the charges by the legislature, the majority relies on the general principle that the designation adopted by the legislature is evidence of its intent. *Supra* ¶¶ 20, 26. However, this court has specifically recognized that the legislature sometimes mislabels charges as "fees" when they are actually "fines." *Graves*, 235 Ill. 2d at 250-51; *Jones*, 223 Ill. 2d at 599-600. For that reason, the label attached to a monetary assessment is not dispositive, and the actual attributes of the charge are the most important factor in determining whether it is a fine or a fee. *Graves*, 235 Ill. 2d at 250-51; *Jones*, 223 Ill. 2d at 599-600.

¶ 66     In addressing the records automation charge for the public defender's office, the majority acknowledges that this charge is mandatory and is assessed only upon conviction, both of which are attributes of a fine. *Supra* ¶ 20. The opinion further observes that the statutory language does not provide for an exception for defendants who retain private counsel. *Supra* ¶ 20. Consequently, it is imposed on all defendants, regardless of whether they were represented by the public defender. *Supra* ¶ 20.

¶ 67     Despite these considerations, the majority *sub silentio* rejects the State's concession that the Public Defender Records Automation Fund charge is a fine and concludes that it is a compensatory fee, "*[e]ven when a defendant does not use the public defender's office.*" (Emphasis added.) *Supra* ¶ 20. The majority posits that the public defender's office is a "vital and necessary part of the criminal justice system" and must be prepared to provide counsel for all indigent defendants. *Supra* ¶ 21. From that premise, the majority determines that the cost of developing and maintaining an automated record keeping system by the public defender's office "is a cost common to all prosecutions, regardless of whether or not a particular defendant has or finds the resources to hire private counsel." *Supra* ¶ 21. The majority concludes that, "under the plain language of the statute," the Public Defender Records Automation Fund charge is a compensatory fee, not a fine subject to the presentence incarceration credit. *Supra* ¶ 22.

¶ 68     I disagree. In my view, the majority's reasoning is flawed. First and foremost, I reject the notion that the Public Defender Records Automation Fund charge is "compensatory" even if none of the resources or records of the public defender's office were utilized in a particular defendant's prosecution. Nor can it be said that this assessment is a "cost common to all prosecutions" if the defendant has retained private counsel. An assessment is a fee if it seeks

to compensate the State for expenses incurred in prosecuting the defendant who is obligated to pay the assessment. See *Graves*, 235 Ill. 2d at 250 (citing *Jones*, 223 Ill. 2d at 582).

¶ 69    I do not believe that the majority's reasoning can be reconciled with this court's precedent, particularly where there is no exception or waiver for defendants who have retained private counsel. In addition, the majority incorrectly equates financing of the criminal justice system in general with the actual costs and expenses of prosecuting an individual defendant. I agree that the public defender's office serves a critical function and is an essential component of the criminal justice system. Yet, while funding the criminal justice system may be an important and necessary expense, it does not represent the costs incurred in prosecuting a particular defendant. In fact, this court has recognized the importance of the distinction between assessments that reimburse the State for the costs of prosecution and those that further the State's interest in funding the court system. See *id.* at 252. The majority errs in failing to distinguish between these two types of expenditures. A mandatory assessment that is payable only upon a conviction of a criminal offense and is intended to finance the criminal justice system in general is a fine. *Id.*

¶ 70    Also, the majority fails to acknowledge that there is no language in the authorizing statute to connect the Public Defender Records Automation Fund charge to the prosecution of an individual defendant. A statutory assessment that has no nexus to the actual expenses involved in the prosecution of a particular defendant is not intended to compensate the State for the cost of prosecution. Therefore, the majority's determination that the financing of an automated record keeping system for the public defender's office is a cost of prosecuting the defendant cannot be justified based on the plain language of the statute.

¶ 71    The majority's analysis with regard to the State's Attorney's Records Automation Fund charge fails for similar reasons. The majority focuses on the fact that the legislature designated this charge as a fee and states that this label is evidence of the legislature's intent. *Supra* ¶ 26. Acknowledging that this assessment possesses attributes of a fine because it is mandatory and imposed only on conviction, the majority determines that those attributes are insufficient to make this charge a fine. *Supra* ¶ 26. The majority then concludes that because every criminal prosecution involves the state's attorney and generates records, which must be automated, the expenditures necessary to automate the state's attorney's record keeping system is a cost related to prosecuting defendants and is a compensatory fee. *Supra* ¶ 27.

¶ 72    As with the Public Defender Records Automation Fund charge, the majority has failed to differentiate between the costs of a prosecution and the costs of financing the criminal justice system in general. As noted above, this court's jurisprudence holds that a compensatory fee must compensate the State for expenses incurred in prosecuting the defendant. *Graves*, 235 Ill. 2d at 250 (citing *Jones*, 223 Ill. 2d at 582). Indeed, in considering certain other criminal assessments, this court held that "it is *because* the charges in no way compensate the [S]tate for the cost of prosecuting defendant that they are fines, and not fees." (Emphasis in original.) *Id.* at 252 (citing *Jones*, 223 Ill. 2d at 600, 605). The general need for automated record keeping—obvious and important though it may be—is not an expense that is directly related to prosecuting the defendant in any particular case. The "prospective purpose intended to fund the technological advancement" of the state's attorney's office cannot properly be characterized as a cost associated with prosecuting a particular defendant. See *Camacho*, 2016 IL App (1st) 140604, ¶ 50.

¶ 73    The fundamental problem with the reasoning of the majority lies in the failure to acknowledge that the label adopted by the legislature cannot overcome the actual attributes of the charge and does not control when the two are inconsistent. The majority's reasoning essentially flips this court's analytical framework on its head. Compare *supra* ¶¶ 20-22, 26-27 (holding that the attributes of the disputed charges do not make them fines, where the legislature has labeled them as fees), with *Jones*, 223 Ill. 2d at 599 (holding that "[t]he legislature's label is strong evidence, but it cannot overcome the actual attributes of the charge at issue"), and *Graves*, 235 Ill. 2d at 250 (same). As set forth above, the attributes of a charge are the most important fact in determining the nature of the assessment. *Graves*, 235 Ill. 2d at 250; *Jones*, 223 Ill. 2d at 600. Thus, where the label conflicts with the actual attributes of a monetary assessment, the attributes will always control over the designation of the legislature.

¶ 74    Despite the statutory label characterizing each of the records automation charges as a fee, those assessments have the attributes of a fine and should be recognized as such. The majority's description of these two charges distorts their essential nature and conflicts with this court's precedent. The two assessments at issue here are, in essence, simply a means to generate revenue to underwrite the "overhead" and general expenses of operating the public defender's office and the state's attorney's office in order to keep up with technological advances and demands. When viewed within the proper analytical framework, it is clear that these charges are fines. The majority's contrary conclusion cannot be sustained.

¶ 75    I am unpersuaded by the majority's reasoning. In fact, scrupulous application of this court's precedent in *Graves* and *Jones* compels the conclusion that the disputed records automation charges are fines. The label chosen by the legislature to authorize these charges does not overcome the actual attributes of those charges.

¶ 76    Lastly, I must point out that, when construing a criminal statute, the rule of lenity mandates that any ambiguity be resolved in favor of the defendant. *Jones*, 223 Ill. 2d at 581; see also *Williams*, 2016 IL 118375, ¶ 15. Here, given that the relevant statutory provisions appear to incorporate certain characteristics of both fines and fees, those statutes must be viewed as ambiguous. Accordingly, they should be interpreted to allow offset by presentence custody credit under section 110-14(a) of the Code.

¶ 77    As indicated above, I dissent only from the majority's conclusions as to the records automation charges for the public defender's office and the state's attorney's office. With regard to the "Felony Complaint Filed, (Clerk)" charge, court automation charge, and Court Document Storage Fund charge, I concur that the language of their authorizing statutes reflects their compensatory purpose and supports the majority's conclusion that those assessments were intended to be imposed as fees. See *supra* ¶¶ 28-49.

¶ 78    In sum, I believe that *Camacho* was correctly decided. I would hold that the records automation charges for the public defender's office and the state's attorney's office are fines and would remand the matter to the circuit court with directions to offset those assessments based on defendant's presentence custody credit in accordance with section 110-14(a) of the Code.

¶ 79    JUSTICE BURKE joins in this partial concurrence, partial dissent.