2023 IL App (1st) 211179-U

FIFTH DIVISION
January 13, 2023

Nos. 1-21-1179, 1-22-0497 (cons.)

**NOTICE**:  This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 89 CR 12603 |
| | ) | No. 89 CR 12607 |
| | ) | |
| EDDIE BAINES, | ) | Honorable |
| | ) | Timothy J. Joyce, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE DELORT delivered the judgment of the court.
Presiding Justice Connors and Justice Lyle concurred in the judgment.

**ORDER**

*Held*:  We vacate the portion of the circuit court's order that bars defendant from ever filing any future petitions pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2020)) or section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401) (West 2020)) because the sanction is overbroad.

¶ 1    Defendant Eddie Baines appeals from the circuit court's dismissal of his petitions pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2020)), arguing only that the court's sanction of barring him from filing any future section 2-1401

petitions or petitions pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)) without leave of court was improper. Because we agree with defendant, we vacate that portion of the court's order that imposed the sanction, and remand for the limited purpose of the circuit court reconsidering an appropriate sanction.

¶ 2                                    BACKGROUND

¶ 3     Following a 1991 bench trial, defendant was found guilty of two counts of armed robbery (Ill. Rev. Stat. 1989, Ch. 38, ¶ 18-2) and sentenced as an habitual offender to concurrent terms of life imprisonment pursuant to the recidivism statute then in effect (Ill. Rev. Stat. 1989, Ch. 38, ¶ 33B-1 *et seq.*)." *People v. Baines*, 2020 IL App (1st) 180717-U, ¶ 3. After this court denied his direct appeal, defendant filed multiple postconviction and section 2-1401 petitions challenging his convictions. The record of defendant's many prior petitions is detailed in part in *Baines*, 2020 IL App (1st) 180717-U, ¶ 4.

¶ 4     Defendant mailed the section 2-1401 petitions it issue here, one each in case Nos. 89 CR 12603 and 89 CR 12607, on June 24, 2021. The circuit court denied defendant's petitions on August 13, 2021, and in its written order, sanctioned defendant by declaring he was "prohibited from filing petitions under the Post-Conviction Hearing Act, or Section 2-1401 of the Code of Civil Procedure, absent leave of court." This appeal followed.

¶ 5                                     ANALYSIS

¶ 6     Before we address defendant's claim, we must first consider our jurisdiction, as the State contends defendant's claim is not ripe for adjudication because he has not yet been subject to any actual consequence due to the filing restriction. "A controversy is ripe when it has reached the point where the facts permit an intelligent and useful decision to be made." *People v. Guillermo*, 2016 IL App (1st) 151799, ¶ 15 (quoting *People v. Ziltz*, 98 Ill. 2d 38, 42 (1983)). A court may

find an issue ripe for adjudication where, "the challenger must choose between disadvantageous compliance and risk of sanction." *Board of Trustees of Addison Fire Protection District No. 1 Pension Fund v. Stamp*, 241 Ill. App. 3d 873, 883 (1993).

¶ 7    We find defendant's claim ripe for adjudication. The full record necessary to make our decision is available—the circuit court levied its sanction, and defendant does not dispute any of the facts underlying the sanction or that his conduct warranted sanction, only that the court exceeded its legal authority. Thus, no further development of the record is necessary, and defendant's choice of either to refrain from filing future postconviction or 2-1401 petitions, or be subject to the court's filing restriction, is clear. Finding that this court has jurisdiction, we move to the substance of defendant's claim.

¶ 8    Defendant claims that the circuit court's sanction must be vacated, contending that the court could only impose fees and costs as a sanction pursuant to section 22-105 of the Code of Civil Procedure (735 ILCS 5/22-105 (West 2020)). The State responds that the court had authority to impose this sanction based on either Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018), or the court's inherent power to control its docket.

¶ 9    Section 22-105 states, in relevant part, that if a prisoner files a postconviction petition or "second or subsequent" section 2-1401 petition which a circuit court deems frivolous, "the prisoner is responsible for the full payment of filing fees and actual court costs." 735 ILCS 5/22-105(a) (West 2020). The statute continues, "Nothing in this Section prohibits an applicant from filing an action or proceeding if the applicant is unable to pay the court costs." *Id.*

¶ 10   Rule 137 states that when an attorney or *pro se* litigant signs a pleading, he must ensure to the "best of his knowledge, information and belief formed after a reasonable inquiry" that the pleading "is well grounded in fact and is warranted by existing law or a good-faith argument" for

changing the law. Ill. S. Ct. R 137(a) (eff. Jan. 1, 2018). If the litigant signs in violation of this rule, the circuit court "may impose" upon the litigant "an appropriate sanction." *Id.* Furthermore, it is well-established that courts in Illinois have the "inherent authority to control [their] docket and impose sanctions for failure to comply with a court order." *Dolan v. O'Callaghan*, 2012 IL App (1st) 111505, ¶ 65.

¶ 11    Defendant argues that section 22-105 provides the only sanction available to circuit courts wishing to sanction a prisoner for filing a petition under the Act, or second or subsequent section 2-1401 petition, that the court deems frivolous. This requires us to interpret section 22-105. When interpreting a statute, our primary goal is to give effect to the legislature's intention, the most reliable indicator of which is "the statutory language itself, given its plain and ordinary meaning." *People v. Clark*, 2018 IL 122495, ¶ 8. When the language is "clear and unambiguous," the court "must apply it as written." *Id.* Only when the court determines that the language of a statute is ambiguous may it then use tools of statutory construction to determine the legislature's intent. *Id.* We review *de novo* whether the circuit court has authority to levy a particular sanction. *Palos Community Hospital v. Humana Insurance Company, Inc.*, 2021 IL 126008, ¶ 24.

¶ 12    We find that section 22-105 is clear and unambiguous. The plain language of the section does not restrict a circuit court to the fee and cost assessment described in the section when sanctioning a prisoner for making frivolous filings. The section only states that if a circuit court determines the filing is frivolous, then the prisoner is responsible for those payments. This language does not refer to a circuit court's well-established ability to levy sanctions pursuant to Rule 137 or its inherent power to control its docket, let alone restrict it. Had the legislature intended to take such a significant step, it could have done so with express language. It did not,

and we cannot interpret this statute so broadly when the plain language of the statute does not support that reading. See *In re Michelle J.*, 209 Ill. 2d 428, 437 (2004) ("We cannot rewrite a statute under the guise of statutory construction").

¶ 13    Defendant nonetheless argues that this court should use the statutory construction tool of *expresio unis est exclusion alterius* to find that section 22-105 provided the only sanction available to the circuit court here. This tool states that "the enumeration of an exception in a statute is considered to be an exclusion of all other exceptions." *Schultz v. Performance Lighting, Inc.*, 2013 IL 115738, ¶ 17. First, this argument fails because use of this interpretive tool is unnecessary when the statutory language is clear and unambiguous. See *Clark*, 2018 IL 122495, ¶ 8. Even if we were to consider the argument, moreover, it would also fail because it does not apply in this instance. Section 22-105 is a fee provision that contains no indication it is an exception to a court's powers to sanction a litigant.

¶ 14    Defendant also argues that Rule 137 cannot apply here because when two statutory provisions conflict, one specific and one more general, a court must give effect to the specific provision. See *Cooke v. Illinois State Board of Elections*, 2021 IL 125386, ¶ 62. We disagree that this case implicates this principle because there is no conflict between Section 22-105 and Rule 137 here. Section 22-105 contains no language stating a circuit court cannot impose other sanctions for frivolous filings, nor does it state any other statutes or rules are superseded. Multiple sanctions, including court costs as described in section 22-105 and additional sanctions under Rule 137, are possible to deter frivolous filings, and the plain language of section 22-105 demonstrates no intent to limit the range of sanctions available to the court. See *People v. Alcozer*, 241 Ill. 2d 248, 260-61 (2011) ("At most, the statute only affects a prisoner's right to file frivolous legal documents without being responsible for the costs" and "the purpose of

section 22–105 is to compensate courts for some of the expense incurred in adjudicating frivolous petitions for postconviction relief"). It follows that no inherent conflict exists between section 22-105 and Rule 137, and as such, we will not read section 22-105 to cancel out the potential application of Rule 137 sanctions to frivolous filings by prisoners. See *Barragan v. Casco Design Corp.*, 216 Ill. 2d 435, 451 (2005) (principle regarding specific versus general statutes does not apply where two provisions "are compatible and can be read harmoniously").

¶ 15    We note that this is not an instance where a sanction imposed by the court for a frivolous filing by a prisoner directly conflicts with section 22-105, as in the unpublished case *People v. Chambers*, 2015 IL App (1st) 100575-UB.[1] In *Chambers*, the circuit court sanctioned the criminal defendant by imposing costs and fees, and barred the defendant from future filings until he paid. *Chambers*, 2015 IL App (1st) 100575-UB, ¶ 28. This court vacated the sanction because it directly conflicted with the plain language of section 22-105, which expressly permits a defendant to file new petitions even if a previous monetary penalty remains unpaid. *Id.* No such direct conflict is present here.

¶ 16    Our finding that defendant's argument regarding section 22-105 fails does not resolve the issue here, because though the circuit court may have had authority outside of section 22-105 to sanction defendant, it still had to do so without abusing its discretion. See *Mohica v. Cvejin*, 2013 IL App (1st) 111695, ¶ 47 (regarding sanctions under Rule 137); *Sander v. Dow Chemical Co.*, 166 Ill. 2d 48, 67 (1995) (regarding sanctions under a court's inherent power to control its docket). "An abuse of discretion will be found only where the trial court's ruling is arbitrary,

---

[1] *Chambers* was originally published as *People v. Chambers*, 2013 IL App (1st) 100575, but then vacated and remanded by the Illinois Supreme Court for reasons unrelated to its sanctions discussion. This court issued *Chambers* again as an unpublished order pursuant to Illinois Supreme Court Rule 23 (eff. July 1, 2011), with the sanction discussion intact.

fanciful, unreasonable, or where no reasonable person would take the view adopted by the trial court." *People v. Hall*, 195 Ill. 2d 1, 20 (2000).

¶ 17   We find that the circuit court's sanction requiring leave of court before defendant files any future postconviction or section 2-1401 petitions was an abuse of discretion. The sanction is unreasonably overbroad because the language would apply to not only postconviction or section 2-1401 petitions related to the convictions in case Nos. 89 CR 12063 and 89 CR 12067, but to any petitions in any case. Consider, for instance, if the defendant incurred a new charge while imprisoned and is convicted thereof. The circuit court's sanction here would operate to restrict his ability to file an initial postconviction petition under the Act to challenge that conviction unless he received leave of court. That result is contrary to defendant's rights under the Act. See 725 ILCS 5/122-1(a) (1), (f) (West 2020) (defendant may challenge conviction in postconviction petition, and only needs leave of court to file a successive petition). Similarly, under section 2-1401, a litigant may file a petition claiming a judgment is void without abiding by the statute's normal procedural requirements, including a showing of due diligence or filing within the statute of limitations. *PNC Bank, National Association v. Kusmierz*, 2022 IL 126606, ¶ 15. Accordingly, we conclude that the order here goes beyond the court's discretion to sanction, because while the court knows defendant is likely to present frivolous arguments in any future petitions in *the present matters*, it does not follow that the court may restrict defendant's ability to exercise his rights to file an initial postconviction petition, or challenge an order as void, in an *unrelated* matter.

¶ 18   We note that in so finding, we make no determination on whether any prescreening sanction for postconviction or section 2-1401 petitions in other contexts may or may not be

appropriate, only that this particular sanction's wording is so unreasonably overbroad that we must vacate it.

¶ 19 The State argues we should affirm the circuit court's order because the sanction is appropriate given defendant's repeated filings raising the same, failed arguments in case Nos. 89 CR 12603 and 89 CR 12607. We are most sympathetic to the circuit court's entirely justifiable frustration. In fact, the defendant himself does not attempt to justify his filings here, argue they are meritorious, or even contend that he should not be sanctioned. It is not, however, the appropriateness of a sanction generally that forms the basis of our decision; it is the overbreadth of the sanction imposed here that compels our conclusion..

¶ 20 The State cites *Gillard v. Northwestern Memorial Hospital*, 2019 IL App (1st) 182348, and *East Lake Condominium Association v. Brewer*, 2022 IL App (1st) 201373-U, as examples of past cases where this court enforced a filing restriction as an appropriate sanction. Both cases are distinguishable. In *Gillard*, this court specifically sanctioned a litigant for her repeated filings of baseless appeals in civil matters. As such, the case did not address a prisoner's statutory right to file a postconviction petition under the Act. See *Gillard*, 2019 IL App (1st) 182348, ¶¶ 61-71; 725 ILCS 5/122-1(a) (West 2020). In *Brewer*, an unpublished matter, this court upheld the circuit court's sanction of requiring the litigant to receive leave to file any *additional motions within the same case*, which has no relevance here to the consideration of a prescreening process for unrelated cases. See *Brewer*, 2022 IL App (1st) 201373-U, ¶ 30.

¶ 21 Finally, we reject the State's argument that the circuit court's sanction was appropriate because it does not deny defendant access to the courts. As explained above, the sanction as written requires defendant to receive leave of this circuit court for any future postconviction or section 2-1401 petitions. Again, while we are sympathetic to the court's frustration with

defendant's repeated filings in the cases at issue, the potential for this sanction to function as a block to defendant's access to courts in unrelated cases is clear, and renders it counter to the statutory language, intent, and case law regarding post-conviction proceedings. See 725 ILCS 5/122-1(a) (West 2020) (an individual imprisoned in the penitentiary has the right to file an initial postconviction petition challenging his conviction on constitutional ground); *Kusmierz*, 2022 IL 126606, ¶ 15 (a litigant does not lose the right to file a section 2-1401 petition challenging an order for voidness due to procedural issues); 735 ILCS 5/22-105 (West 2020) ("Nothing in this Section prohibits an applicant from filing an action or proceeding if the applicant is unable to pay the court costs"); *Alcozer*, 241 Ill. 2d at 260 (section 22-105 "does not impinge upon a prisoner's fundamental right to access to the courts because fees are assessed only after a legal document is found to be frivolous"). As such, we must vacate the sanction.

¶ 22                                   CONCLUSION

¶ 23    In sum, while we reject defendant's argument that section 22-105 provides the only sanction available to a circuit court when seeking to sanction a criminal defendant for filing frivolous postconviction or second or subsequent section 2-1401 petitions, we find that the specific sanction levied here was not justified by the court's ability to control its own docket or impose sanctions under Rule 137. Accordingly, the portion of the order dismissing the petitions is affirmed, but the portion sanctioning defendant is vacated. We remand for the limited purpose of the circuit court determining if it wishes to fashion an appropriately limited sanction. If so, the court must give defendant the opportunity to show cause why he should not be so sanctioned.

¶ 24    Affirmed in part; vacated in part; remanded with instructions.