2020 IL App (1st) 180717-U

FIFTH DIVISION
March 13, 2020

No. 1-18-0717

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 89 CR 12603 |
| | ) | |
| EDDIE BAINES, | ) | Honorable |
| | ) | Timothy Joseph Joyce, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE DELORT delivered the judgment of the court.
Presiding Justice Hoffman and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We grant appointed counsel's motion to withdraw under *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and affirm the circuit court's summary dismissal of defendant's postconviction petition over his contention that the statutes under which he was charged and convicted were improperly enacted.

¶ 2   Defendant Eddie Baines appeals the circuit court's order denying his "Petition for Post-Conviction Relief/Motion for Relief from Judgment." The court treated defendant's petition as both a successive petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.*

(West 2018)) and a petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2018)).

¶ 3     Following a 1991 bench trial, defendant was found guilty of two counts of armed robbery (Ill. Rev. Stat. 1989, Ch. 38, ¶ 18-2) and sentenced as an habitual offender to concurrent terms of life imprisonment pursuant to the recidivism statute then in effect (Ill. Rev. Stat. 1989, Ch. 38, ¶ 33B-1 *et seq.*). On direct appeal, this court affirmed defendant's conviction and sentence over his contention the recidivism statute was unconstitutional. *People v. Baines*, No. 1-92-0086 (1994) (unpublished order under Supreme Court Rule 23).

¶ 4     Defendant has since filed several collateral challenges to this judgment, none of which entitled him to the relief he sought. See *People v. Baines*, Nos. 1-96-3262 (1998) (unpublished order under Supreme Court Rule 23) (granting appointed counsel's motion to withdraw under *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and affirming dismissal of defendant's postconviction petition); 1-99-3442 (2000) (order denying leave to file late notice of appeal); 1-02-1531 (2003) (unpublished order under Supreme Court Rule 23) (granting appointed counsel's motion to withdraw under *Finley*, and affirming dismissal of defendant's petition for state *habeas corpus* relief); 1-05-2570 (2007) (unpublished order under Supreme Court Rule 23) (granting appointed counsel's motion to withdraw under *Finley*, and affirming dismissal of defendant's petition for relief under section 2-1401 of the Code); and 1-10-2730 (2012) (unpublished order under Supreme Court Rule 23) (granting appointed counsel's motion to withdraw under *Finley*, and affirming dismissal of defendant's "Motion to Vacate Judgment and Void Sentence" under section 2-1401 of the Code).

¶ 5     In January 2018, defendant filed a "Petition for Post-Conviction Relief/Motion for Relief from Judgment," which is the subject of this appeal. Therein, he asserted his conviction and life

sentence were void because the statutes under which he was charged and sentenced were rendered void *ab initio* as a result of single-subject clause (see Ill. Const. 1970, Art. IV, § 8(d)) violations in Public Acts 84-1428 (eff. July 1, 1987) and 85-463 (eff. Jan. 1, 1988). With respect to Public Act 84-1428, defendant contended sections 11, 12, and 13 of the act had "nothing to do with" criminal law, juries, procedure, and sentencing and the act therefore violated the single-subject clause. With respect to Public Act 85-463, defendant asserted it was "equally" in violation of the single-subject clause because it "was enacted to be amended to [Public Act] 84-1428" and, if Public Act 84-1428 violated the single-subject clause, then so did Public Act 85-463. According to defendant, the single-subject violations in the acts rendered void both the Class X felony of which he was convicted and the two Class X felonies which made him eligible for a life sentence under the recidivism statute.

¶ 6 The State waived service of process and, in February 2018, the circuit court entered a written order denying defendant's petition. The court treated defendant's petition both as a successive petition under the Act and a petition for relief under section 2-1401 of the Code. The court found defendant had failed to establish cause and prejudice for his failure to bring his claim in a prior proceeding under the Act. In addition, the court found defendant had failed to establish the judgment from which he sought relief was void *ab initio*. Defendant appealed, and the Office of the State Appellate Defender was appointed to represent him.

¶ 7 Appointed counsel has filed a motion requesting leave to withdraw as counsel pursuant to *Finley*, 481 U.S. 551 (1987), and a memorandum in support thereof. Counsel considered raising the following issues on appeal: whether (1) defendant's conviction and sentence were void as a result of the enactments of Public Acts 84-1428 and 85-463; and (2) the circuit court erred procedurally in dismissing defendant's petition. Counsel concluded an appeal asserting arguments

in relation to these issues would lack arguable merit, and the memorandum in support of his motion explains why he came to this conclusion.

¶ 8 Copies of counsel's motion and memorandum were mailed to defendant. Defendant was also informed that he may file with this court a written explanation of why he thinks there are meritorious issues in his appeal.

¶ 9 Defendant filed a response to counsel's motion. First, defendant contends single-subject violations in Public Acts 84-1428 and 85-463 rendered his conviction and sentence void and, therefore, his claim was not barred by the doctrines of waiver and *res judicata*. See *People v. Thompson*, 2015 IL 118151, ¶ 32 (challenge to a final judgment based on a facially unconstitutional statute that is void *ab initio* may be raised at any time). The single-subject clause of the Illinois Constitution of 1970 provides that legislative enactments that "[b]ills *** shall be confined to one subject." Ill. Const. 1970, Art. IV, § 8(d). We construe the term "subject" liberally in favor of upholding the legislation, and the subject may be as comprehensive as the legislature chooses. *People v. Cervantes*, 189 Ill. 2d 80, 84 (1999). "[T]he matters within the enactment must have a natural and logical connection to a single subject." (Internal quotation marks omitted.) *Id.* The single-subject clause is violated when a bill contains unrelated provisions that by no fair interpretation have any legitimate relation to one another. *Id.*

¶ 10 Defendant has not established that Public Act 84-1428 (eff. July 1, 1987) violated the single subject clause of the Illinois Constitution. In his petition, defendant asserted Public Act 84-1428 was passed as an act which relates to juries, criminal law, procedure, and sentencing, but sections 11, 12, and 13 of Public Act 84-1428 "ha[ve] nothing to do with criminal procedure in anyway." We disagree. Sections 11, 12, and 13 of Public Act 84-1428 repealed statutes which exempted certain military personnel and dentists from jury service. See Pub. Act 84-1428, §§ 11-13 (eff. July

1, 1987). The legislative determination of who is no longer exempt from jury service has a natural and logical connection to the subject of criminal law and procedure. Accordingly, defendant's single-subject challenge to Public Act 84-1428 fails.

¶ 11    As noted above, defendant never asserted in the circuit court that Public Act 85-463 violated the single-subject clause because the act contained legislation encompassing more than one subject. Rather, he contended Public Act 85-463 was "equally" violative of the single-subject clause because it was "enacted to be amended to Public Act 84-1428." In any event, Public Act 85-463 contained a single section which amended section 115-1 of the Code of Criminal Procedure. We fail to see how a public act containing a single section amending a single statutory provision could encompass more than one legislative subject. Accordingly, defendant's single-subject challenge to Public Act 85-463 also fails. Therefore, his contention that his conviction and sentence were rendered void by reason of the enactments of the public acts was properly rejected by the circuit court.

¶ 12    Even assuming Public Acts 84-1428 and 85-463 violated the single-subject clause, defendant's conviction and sentence were not rendered void by their enactment. Our review of the acts reveals that neither affected the statutes under which defendant was charged or sentenced, or the convictions which made him eligible for a life sentence. See generally Pub. Act 84-1428 (eff. July 1, 1987); Pub. Act 85-463 (eff. Jan. 1, 1988). Even if the acts did affect those statutes, the statutes would have merely reverted back to those which were in effect prior to their amendment by the public acts at issue. See *People v. Gersch*, 135 Ill. 2d 384, 390 ("The effect of enacting an unconstitutional amendment to a statute is to leave the law in force as it was before the adoption of the amendment."). Defendant did not challenge the constitutionality of the statutes under which he was charged and sentenced that were in effect prior to the enactments of the public acts at issue

before the trial court, and he does not do so on appeal. Accordingly, his claim that his conviction and sentence are void *ab initio* was properly rejected by the circuit court.

¶ 13     Second, defendant argues the circuit court erred by "treating his 2-1401 petition as a summary dismissal" without giving him notice or an opportunity to be heard. We disagree. It is well established that the circuit court may *sua sponte* dismiss a section 2-1401 petition without providing the defendant notice and an opportunity to be heard. *People v. Vincent*, 226 Ill. 2d 1, 12-13 (2007). Thus, there was no error in the trial court dismissing defendant's petition without giving him notice or an opportunity to be heard.

¶ 14     Pursuant to *Finley*, we have carefully examined the record, counsel's motion and memorandum, and defendant's response. We agree with counsel and conclude there are no issues of arguable merit on appeal. We, therefore, grant counsel's motion for leave to withdraw as appointed counsel on appeal and affirm the judgment of the circuit court of Cook County.

¶ 15     Affirmed.